IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Darnell Price, | ) | Civil Action No.: 4:12-cv-02329-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Town of Atlantic Beach, Chief Randy Rizzo, | ) | **OPINION AND ORDER** |
| Chief E. Lewis, Lt. Randy Fisher, | ) | |
| Councilwoman Charlene Taylor, | ) | |
| Councilwoman Josephine Isom, Councilman | ) | |
| Jake Evans, Manager William Booker, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before this court is Defendants Chief E. Lewis and Manager William Booker's Motion to Compel Discovery Responses and Defendant Lieutenant Randy Fisher's Motion to Dismiss for Failure to Serve. (ECF No. 27.) For the reasons set forth below, the court finds the Motion to Compel to be MOOT and DENIES the Motion to Dismiss for Failure to Serve.

**ANALYSIS AND DISCUSSION**

I.    Motion to Compel Discovery

On December 13, 2012, Defendants Chief E. Lewis and Manager William Booker ("Defendants") filed a Motion to Compel Discovery Responses pursuant to Rule 37 of the Federal Rules of Civil Procedure on the grounds that they had not yet received responses to their discovery requests mailed on October 3, 2012. (ECF No. 27 at 1.) Defendants indicated that they directed correspondence to counsel for Plaintiff on November 26, 2012, inquiring about status after receiving no responses. (ECF No. 27 at 1-2.) On January 7, 2013, Plaintiff responded to Defendants' Motion to Compel indicating that he had, as of the date of his response, responded to the October 3, 2012

discovery requests, had become "overwhelmed by his work and the holydays," and was working on responses to a second set of discovery requests. (ECF No. 28 at 1.) Defendants have not filed a reply disputing the same or indicating that the subject responses have not been served. Defendants have not filed a motion to compel Plaintiff to further respond to their discovery requests or asked this court to address the sufficiency of any of Plaintiff's discovery responses. Because Defendants have now received the responses to the discovery requests served on October 3, 2012, the court finds the issue complained of in the Motion to have been resolved and the Motion to Compel to be moot. At a hearing on this case held on May 17, 2013, the parties discussed and agreed before this court that Plaintiff would promptly produce written responses to Defendants' second set of discovery requests which appear to be outstanding. This court holds Plaintiff to fulfilling that obligation. The court denies Defendants' request for attorneys' fees associated with filing this Motion.

II.    Motion to Dismiss Defendant Lieutenant Randy Fisher

Defendant Lieutenant Randy Fisher ("Defendant Fisher") moved this court to dismiss the action pending against him due to Plaintiff's failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 27 at 2.) Specifically, Defendant Fisher noted that Plaintiff filed his action on August 15, 2012, and that as of December 13, 2012, the date of the Motion, Defendant Fisher had not been served. In response, on January 7, 2013, Plaintiff indicated that service pleadings were "currently in the hands of the Sheriff of Greenville County for service on the Defendant Lieutenant Randy Fisher" and that counsel had wrongly assumed that the Town of Atlantic Beach would be accepting service for Defendant Fisher. (ECF No. 28 at 1.) Plaintiff's counsel stated that he had problems locating Defendant Fisher once he learned that the Town of Atlantic Beach would not be accepting service for Defendant Fisher. (ECF No. 28 at 1.) Defendant

Fisher filed an answer to the Plaintiff's Complaint on January 16, 2013, and did not further complain about the insufficiency of service or raise the matter as a defense. (ECF No. 32.) Defendant Fisher and Defendants Booker and Lewis filed a Motion for Summary Judgment on March 21, 2013 which is currently pending before this court. (ECF No. 36.)

The Federal Rules of Civil Procedure require that a defendant be served with a summons and a copy of the complaint within 120 days after the complaint is filed. Fed.R.Civ.P. 4(c)(1), (m). If a defendant is not served within the 120 day period, then "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). The court must extend the time for service if the plaintiff shows good cause for the failure. *Id.* Further, "[e]ven if the [p]laintiff cannot show good cause, the court may, in its discretion, grant an extension of time if it deems such an extension to be warranted*." Perri-Clair v. Ace P'ship of Charleston SC*, No. 2:09–CV–1584–MBS, 2011 WL 765671, *1 (D.S.C. Feb.23, 2011); *see also Hansan v. Fairfax County School Bd.*, 405 Fed.Appx. 793, 793 (4th Cir. 2010)(unpublished opinion)("Additionally, the district court has discretion to extend the period if the plaintiff can show excusable neglect for his failure to serve."); *Giacomo-Tano v. Levine*, 199 F.3d 1327, *1 (4th Cir. 1999) (unpublished opinion) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service."); *see also* Fed.R.Civ.P. 4(m) advisory committee's notes (1993) ("[Rule 4(m) ] explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.").

To show "good cause," a plaintiff must demonstrate that he made "'reasonable, diligent'

efforts to effect service on the defendant." *T &S Rentals v. U.S.*, 164 F.R.D. 422, 425 (N.D.W.Va. 1996) (internal citation omitted). "Courts typically find good cause to extend the Rule 4(m) time limit where external factors stifle a plaintiff's due diligence in effecting service." *Clyburn v. Champagne*, No. 6:10–1925–TMC, 2012 WL 4478971, *5 (D.S.C. Sept. 28, 2012) (internal quotations and alterations omitted). For example, courts have found good cause where "the defendant was evading service; the plaintiff experienced difficulty in obtaining defendant's proper address; the plaintiff was misdirected by court personnel as to proper procedure; or a defect in the attempted service was not revealed by the defendant until after the time expired." *Perri–Clair*, 2011 WL 765671, at *2 (internal citation and quotations omitted). In light of Plaintiff's representations, the court finds that sufficient good cause did exist to warrant the delay in service beyond the 120 days prescribed by Rule 4(m). The court notes that there is no evidence that the delay caused prejudice to Defendant. Furthermore, a dismissal without prejudice at this stage of the litigation would not serve in the interests of judicial economy. Thus, Defendant Fisher's Motion to Dismiss is denied.

## CONCLUSION

After reviewing the parties' arguments, the applicable law and the record in this case, the court finds Defendants Chief E. Lewis and Manager William Booker's Motion to Compel Discovery Responses **MOOT** and **DENIES** Defendant Lieutenant Randy Fisher's Motion to Dismiss for Failure to Serve. (ECF No. 27.)

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
May 17, 2013

-4-