IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Darnell Price, | ) | Civil Action No.: 4:12-cv-02329-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Town of Atlantic Beach, Chief Randy Rizzo, | ) | **OPINION AND ORDER** |
| Chief E. Lewis, Lt. Randy Fisher, | ) | |
| Councilwoman Charlene Taylor, | ) | |
| Councilwoman Josephine Isom, Councilman | ) | |
| Jake Evans, Manager William Booker, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before this court is Defendants Town of Atlantic Beach ("Town"), Councilwoman Charlene Taylor, Councilwoman Josephine Isom, Councilman Jake Evans's (collectively "Defendants") Motion for Summary Judgment brought pursuant to Federal Rule of Civil Procedure 56. (ECF No. 38.) The court heard arguments on this motion on May 17, 2013. (ECF No. 55.) Having considered the arguments, the record, and the applicable law, summary judgment is granted in favor of Defendants Councilwoman Charlene Taylor, Councilwoman Josephine Isom, Councilman Jake Evans ("Councilmember Defendants") on Plaintiff's federal and state law claims. Summary judgment is also granted in favor of the Town as to any claim made against the Town independently, outside of any potential liability it may have related to the conduct of certain co-Defendants done within the scope and course of their employment. As to the potential liability of the Town for the actions of its employees, summary judgment is granted in part, but only as to Plaintiff's state law claims for false arrest, abuse of process, and malicious prosecution as to all counts with the exception of Plaintiff's claims for malicious prosecution related to his unsightly letter ticket and as

to Defendant Fisher only.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Darnell Price ("Plaintiff") filed this action on August 14, 2012, in this court against Defendants Town of Atlantic Beach, Chief Randy Rizzo, Chief E. Lewis, Lt. Randy Fisher, Councilwoman Charlene Taylor, Councilwoman Josephine Isom, Councilman Jake Evans, and Manager William Booker (collectively "named defendants") pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983 and 1985, and the laws and Constitution of the State of South Carolina. (ECF No. 1.) The complaint states that "Plaintiff is a black male and an advocate of minorities and equal rights," a "vocal critic of the corruption, dishonesty, and abuse of the government of Atlantic Beach and the Defendants," and the husband of the pastor of the Atlantic Beach CME Church. (ECF No. 1, ¶¶ 3, 6. ) Plaintiff alleges that the named defendants in this case conspired together in an attempt to prevent Plaintiff and his wife from moving into their home in Atlantic Beach and otherwise violated the law and Plaintiff's rights. (ECF No. 1, ¶ 7.) Plaintiff further contends that in retaliation for Plaintiff moving into Atlantic Beach "Defendant Mr. Booker . . . had the town Council [pass] an ordinance requiring Town approval before utility services could be provided to a property" which impacted Plaintiff's efforts to repair the property he intended to lease. (ECF No. 1, ¶ 9.) Plaintiff alleges that various defendants continued to harass him as he began work on the property and that he and the church received numerous tickets and citations in an attempt to prevent him from moving into Atlantic Beach and from working on his wife's church building. Plaintiff alleges that he was also charged in summary court for operating without a business license, assault and battery, and other charges.

The complaint sets forth claims against the named defendants for: 1) Violation of First

Amendment Free Speech (42 U.S.C. § 1983) for the deprivation of Plaintiff's property, right to speak, and freedom from retaliation for the exercise of his free speech and criticism of the named defendants; 2) Violation of Fourth Amendment Due Process (42 U.S.C. § 1983) for the restriction of Plaintiff's liberty and freedom of movement that occurred when Plaintiff had to appear in court to defend himself on charges of building permit and parking violations; 3) Violation of Fourth Amendment Due Process (42 U.S.C. § 1983) for the restriction of Plaintiff's liberty and freedom of movement that occurred when Plaintiff had to appear in court to defend himself on charges of interfering with a police officer; 4) Violation of Fourth Amendment Due Process (42 U.S.C. § 1983) for the restriction of Plaintiff's liberty and freedom of movement that occurred when Plaintiff had to appear in court to defend himself on charges of operating without a license; 5)Violation of Fourth Amendment Due Process (42 U.S.C. § 1983) for the restriction of Plaintiff's liberty and freedom of movement that occurred when Plaintiff had to appear in court to defend himself on charges of assault and battery; 6) Violation of Fourth Amendment Due Process (42 U.S.C. § 1983) for the restriction of Plaintiff's liberty and freedom of movement that occurred when Plaintiff had to appear in court to defend himself on charges of violation of bond; 7) Six Counts of Malicious Prosecution because the named defendants caused Plaintiff to be prosecuted for the offenses of building permit violations, parking violations, interfering with a police officer, operating without a license, assault and battery and violation of bond without probable cause; 8) Six Counts of False Arrest because the named defendants deprived Plaintiff of his liberty and freedom of movement, without probable cause or exigent circumstance; 9) Six Counts of Abuse of Process as the named defendants caused process to be issued and pursued against Plaintiff for ulterior purposes and revenge; 10) Conspiracy to commit illegal acts and/or to commit legal acts by illegal means to harm Plaintiff; and 11) Violation

of the Right to Travel under the Fifth and Fourteenth Amendments to the United States Constitution in that Plaintiff was deprived of his right to travel and live where he pleased.

## STANDARD OF REVIEW

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56. A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir.1996).

## PARTIES' ARGUMENTS AND ANALYSIS

I.      Federal Claims against Councilmember Defendants

Defendants Town of Atlantic Beach, Councilwoman Charlene Taylor, Councilwoman

Josephine Isom, and Councilman Jake Evans move for summary judgment in this matter (ECF No. 38); the Councilmember Defendants previously filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 17) which this court previously denied without prejudice with the arguments therein to be considered in conjunction with this court's review of the motion for summary judgment.  (ECF No. 59.)  Defendants argue that they are entitled to summary judgment because Plaintiff did not comply with the applicable statutes of limitations as to several of his claims, several of Plaintiff's claims are barred by the doctrine of claim preclusion, and because Plaintiff failed to plead and/or produce evidence in support of his claims against these defendants.  (ECF No. 38-1 at 1-2.)  The Councilmember Defendants particularly reiterate their arguments from their motion to dismiss suggesting they are entitled to absolute immunity from Plaintiff's 42 U.S.C. § 1983 claims concerning the performance of legislative functions, particularly as Plaintiff fails to identify any acts by the Councilmember Defendants taken outside their capacities as legislators; and 2) Plaintiff's claims fail because Plaintiff failed to plead or produce evidence to establish the purported constitutional violations or even allege the involvement of these particular Defendants.

The court has carefully reviewed the allegations of Plaintiff's complaint.  The court finds that the complaint fails to indicate how each of the Councilmember Defendants, either personally, or in an official capacity, violated Plaintiff's federal or state constitutional rights.[1]  Although Plaintiff has

---

[1]The Councilmember Defendants also object to any matter contained in Plaintiff's briefing that conflicts with admissions made based on Plaintiff's failure to respond to Requests for Admission: 1) that Isom, Taylor, and Evans had no involvement in causing Plaintiff to be arrested with respect to any of the incidents; 2) had no knowledge of being involved in a conspiracy or taking acts in furtherance of a conspiracy; 3) did not issue tickets for violations of ordinances to Plaintiff; and 4) had no involvement with convening the Property Maintenance Board for the purpose of condemning the property in question as stated in the complaint.  (ECF No. 54.)

made broad allegations in the complaint purporting to state claims under 42 U.S.C. § 1983 for violations of his First, Fourth, Fifth, and Fourteenth Amendment Rights under the United States Constitution as well as several pendent state law claims, these allegations are broad and conclusory and Plaintiff has further failed to produce sufficient evidence to meet his burden of establishing genuine issues of material fact for adjudication.

Plaintiff's complaint states that the Councilmember Defendants and others were at all relevant times acting as policy makers for the Town. Plaintiff then asserts counts against the named defendants more generally and then states certain factual allegations about the non-moving defendants' conduct, primarily those associated with the Town of Atlantic Beach Police Department. The court finds, however, that Plaintiff fails to allege or produce evidence establishing the Councilmember Defendants' involvement as to any of the causes of action enumerated in the complaint. The complaint does not mention the Councilmember Defendants individually or collectively and therefore can hardly be read to ascribe any particular or specific unlawful conduct to these individuals. The complaint lacks any factual allegations that the Councilmember Defendants conspired with other named defendants, caused unlawful conduct by their own action or inaction, or were involved in the actions of any of the non-moving defendants in furtherance of the claims Plaintiff asserts.

At most, and under the most liberal reading, the complaint generally alleges that the Councilmember Defendants, as part of the Town Council, passed an ordinance that impacted Plaintiff's construction project and convened a meeting of the Property Maintenance Board that discussed the construction project and property. The relevant paragraphs of the complaint read as follows:

9.      That in retaliation for Plaintiff moving his residency into the Town, Defendant Mr. Booker then had the town Council [pass] an ordinance requiring Town approval before utility services could be provided to a property.

. . . .

11.     Mr. Price, a general contractor began work on the property that did not require a building permit.  Then police chief Randy Rizzo issued tickets to Price whenever he saw him on the property at 413 30th Avenue. Defendant Booker sent a letter to the electric utility company, Santee Cooper, directing them to shut off power to the residence.  The town council convened a meeting of the Property Maintenance Board and condemned the property this was illegally done just like had been done with the church.

(ECF No. 1, ¶¶ 9, 11.)  These two paragraphs form the entire basis of the complaint's allegations against the Town Council, and Councilmember Defendants by extension.  The Councilmember Defendants argue that because Plaintiff has failed to establish or even allege any facts which would arguably divest them of the protections afforded under the doctrine of absolute legislative immunity, summary judgment in favor of these Defendants is appropriate as to all of Plaintiff's claims, including, but not limited to, his § 1983 claims.  (ECF No. 38-1 at 19.)  The court agrees in part.

The referenced actions of the Town Council—the act of passing an ordinance and the act of convening the Property Maintenance Board for purposes of determining whether or not a property should be subject to condemnation—do fall within the Councilmember Defendants' function as members of the Town Council.  The Councilmember Defendants, however, put too much stock in their absolute immunity argument.  Federal law treats an action against defendants in their official capacities as an action against the municipality itself.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 61 (1989) ("[A] suit against a state official in

his official capacity is not a suit against the official but rather is a suit against the official's office" and thus is no different from a suit against the State itself). A municipality, cannot assert immunity, either absolute or qualified, as a defense to liability under 42 U.S.C. § 1983. *See Owen v. Independence*, 445 U.S. 622, 650-652 (1980) (in rejecting a construction of 42 U.S.C. § 1983 that would accord municipalities a qualified immunity, the Supreme Court recognized that an absolute or qualified immunity already extended to most government officials and found that a further extension to municipalities might leave an injured party without a remedy). In other words, immunity, either absolute or qualified, is a personal defense that is available only when officials are sued in their individual capacities. *Anderson v. Caldwell Cnty. Sheriff's Office*, No. 11-2344, 2013 WL 1749513 (4th Cir. Apr. 24, 2013) (unpublished decision) ("Public officer's immunity bars the state law claims against the officers in their individual capacities.") Thus, at most, the Councilmember Defendants would only be able to assert absolute immunity for acts performed in their legislative capacity and to defend claims asserted against them in their individual or personal capacities. *Scott v. Greenville Cnty.*, 716 F.2d 1409, 1422 (4th Cir. 1983) (recognizing the Fourth Circuit's acknowledgment of "absolute personal immunity" for county legislators).

Federal, state, regional, and local legislators are entitled to absolute immunity for acts performed in their legislative capacity. *See Bruce v. Riddle*, 631 F.2d 272, 279 (4th Cir. 1980); *see also Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998)(city council members' act of voting for ordinance was "undoubtedly legislative"); *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 405 (1979)(members of regional planning body were entitled to absolute legislative immunity concerning the adoption of a land-use ordinance that impacted the plaintiff's property). Thus, the Councilmember Defendants, as town council members, are absolutely immune

from suit when performing legislative functions. *Bruce*, 631 F.2d at 280 (applying the principles of legislative immunity to members of a county council); *see also Whitener v. McWatters*, 112 F.3d 740 (4th Cir. 1997) (applying principles of legislative immunity to members of a county board of supervisors). In responding to the Councilmember Defendants' Motion to Dismiss, Plaintiff did not appear to challenge this threshold legal principle and instead argued, without any factual support, that the Councilmember Defendants went beyond performing legislative functioning in violating Plaintiff's rights in harboring animosity and malice toward the defendant, taking actions outside their legal authority to injure and harm Plaintiff, and directing Town resources towards denying Plaintiff's federally protected rights. (ECF No. 23 at 6.) Plaintiff further did not directly respond to the Councilmember Defendant or the Town's Motion for Summary Judgment as discussed further below. At most, Plaintiff has only submitted four affidavits (of Plaintiff, Plaintiff's wife Wendy Price, Plaintiff's landlord Carolyn Cole, and Plaintiff's fellow church member Patricia Bellamy) in support of his position. Although the moving defendants have objected to these affidavits as hearsay, lacking in personal knowledge, and because they include irrelevant and inadmissible statements/allegations (ECF No. 54), even generously considering these materials would not create sufficient evidence upon which a reasonable jury could find in Plaintiff's favor sufficient to withstand a motion for summary judgment.[2] *See  Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249. These affidavits, at most contain vague, conclusory statements, none of which create an issue of fact as to the Councilmember Defendants' entitlement to legislative immunity or even provide

---

[2] At the outset, the court notes that Plaintiff, as the non-moving party, fails to submit any evidence in opposition to summary judgment other than several conclusory, self-serving affidavits. *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir.1996) ("self-serving opinions without objective corroboration" and statements that are "hearsay, irrelevant, or conclusory" are properly stricken). Once the self-serving and conclusory statements are excluded here, there is nothing left to support Plaintiff's claims and the allegations made in the pleadings.

evidence to support the contention that the Councilmember Defendants violated Plaintiff's federal civil rights in any way.

The Councilmember Defendants' conduct specifically challenged by Plaintiff in his complaint (ECF No. 1, ¶¶ 9, 11) is legislative in its nature and scope. Plaintiff presents no factual allegations or legal arguments suggesting otherwise or that the Councilmember Defendants engaged in illegal or unlawful conduct (other than passing an ordinance and convening the Property Maintenance Board meeting). *Bruce*, 631 F.2d at 279 (recognizing absolute personal immunity for county legislators, provided they could establish: (1) that as council members they were "function[ing] in a legislative capacity" when doing the acts complained of; and (2) that their acts were not "[i]llegal acts such as bribery [which] are obviously not in aid of legislative activity and [for which] legislators can claim no immunity.") "Legislative acts" certainly include, but are not limited to, introducing and voting for legislation, *United States v. Helstoski*, 442 U.S. 477 (1979) and conducting hearings and developing legislation, *Gravel v. United States*, 408 U.S. 606, 624 (1972). Thus, the court finds the Councilmember Defendants entitled to absolute legislative immunity for acts performed in their legislative capacity as to Plaintiff's claims asserted against them individually.     In Plaintiff's response to the Councilmember Defendants' Motion to Dismiss, Plaintiff does make the bare contention that these defendants "went beyond performing legislative functions in their animosity and malice toward Plaintiff." (ECF No. 23 at 6.) The complaint, papers, and evidence before the court, however, fail to set out any particular acts of the Councilmember Defendants which were outside the scope of their authority. Further, Plaintiff's contentions regarding purported harassment and retaliation, at most generally declared in Plaintiff's complaint

and affidavits, do not constitute a constitutional violation as alleged.[3]  Upon this record, the court

concludes that Plaintiff has failed to present evidence creating a genuine issue of fact to defeat

Defendant's motion for summary judgment and for a reasonable jury to find in Plaintiff's favor.

Thus, the court grants summary judgment in favor of the Councilmember Defendants on Plaintiff's

federal claims (Causes 1-6 and 10-11)[4] brought against them in their individual capacities.  *See*

*Bogan v. Scott-Harris*, 523 U.S. 44 (1998)(holding that local legislators are absolutely immune from

suit under § 1983 for their legislative activities).

The court, however, does not find the Councilmember Defendants entitled to absolute

---

[3]In regards to Plaintiff's claim of harassment/retaliation, the law clearly states that "[r]etaliation by a public official for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper." *American Civil Liberties Union, Inc. v. Wicomico Cnty.*, 999 F.2d 780, 785 (4th Cir.1993).  "A plaintiff alleging that government officials retaliated against [him] in violation of [his] constitutional rights must demonstrate, inter alia, that [he] suffered some adversity in response to [his] exercise of protected rights." *Id.*  "Where there is no impairment of the plaintiff's rights, there is no need for the protection provided by a cause of action for retaliation." *Id.*  Thus, a showing of adversity, more than a conclusory accusation, is essential to a retaliation claim and Plaintiff has made no such establishment of adverse impact here.  *See also Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987) ("'Verbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'"); *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989) (noting that the plaintiff's asserted fear from the spoken words of the patrolman was not an actual infringement of a constitutional right and thus not actionable under § 1983).

[4]Plaintiff's tenth cause of action is a claim for conspiracy.  It is not entirely clear whether this claim has been brought pursuant to state law or 42 U.S.C. § 1985.  To the extent Plaintiff intends the tenth cause of action as one for conspiracy to interfere with civil rights under federal law, Plaintiff's claims are subject to the same result as Plaintiff has only made unsupported, conclusory allegations regarding a conspiracy without any factual support.  (ECF No. 38-1 at 34-35.)  The Fourth Circuit has held that "[t]he law is well settled that to establish a sufficient cause of action for 'conspiracy to deny equal protection of the laws' under section 1985(3), a plaintiff must prove: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." *Simmons v. Poe*, 47 F. 3d 1370, 1376 (4th Cir.1995) (citing *Buschi v. Kirven*, 775 F.2d 1240, 1257 (4th Cir.1985)).  The Fourth Circuit added that it has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." *Id.* at 1377.  The Councilmember Defendants are entitled to judgment as a matter of law on any claim brought pursuant to 42 U.S.C. § 1985.

legislative immunity for claims asserted against the Councilmember Defendants in their official capacities since those claims are tantamount to an action against the municipality itself. Plaintiff, however, has named Town of Atlantic Beach as a defendant in this case. It would therefore be redundant for Plaintiff to name the Councilmember Defendants in their official capacities as parties to the action in addition to the Town of Atlantic Beach. *See Taylor v. City of Columbia*, No. 3:07-983-JFA, 2008 WL 612779, *2 (D.S.C. Feb. 29, 2008), *aff'd Taylor v. Todd*, 290 Fed. Appx. 567 (4th Cir. Aug. 25, 2008) (granting defendant city prosecutors' motion to dismiss parties in their individual capacity on the grounds of redundancy because plaintiff had already named the City of Columbia as a defendant in the case). Thus, the court now turns to a consideration of the Motion for Summary Judgment as it pertains to claims against the Town of Atlantic Beach.

II.    <u>Federal Claims against the Town of Atlantic Beach</u>

Plaintiff makes several federal law claims in his complaint to include alleged violations of Plaintiff's First Amendment free speech and due process rights brought pursuant to 42 U.S.C. § 1983, as well as a claim for the violation of the right to travel under the Fifth and Fourteenth Amendments, and a potential federal conspiracy cause of action against the named Defendants including the Town of Atlantic Beach.

The court will address Plaintiff's claims for violations of his First and Fourth Amendment rights under 42 U.S.C. § 1983 first. Important to note here, 42 U.S.C. § 1983, "'is not in itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3(1979)). To establish a violation under 42 U.S.C. § 1983, the plaintiff must prove: 1) that the defendant deprived him of a right secured by the Constitution and laws of the United States,

and 2) that the defendant deprived the plaintiff of this right under color of state statute, ordinance, regulation, custom or usage. *West v. Atkins,* 487 U.S. 42, 48 (1988)*; Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970); *Mentavlos v. Anderson,* 249 F.3d 301, 310 (4th Cir. 2001). Determining the applicability of the statute in this action requires the court to first examine the underlying constitutional violations alleged in the complaint against the Town of Atlantic Beach. As it may relate to the Town, the complaint alleges at most that: 1) the Town issued a stop work order on July 20, 2010, for work done on the church; 2) the Town sent three letters concerning building code violations; and 3) in 2009, the Town issued Plaintiff a business license to sell ice cream and beverages around the beach which was later suspended. (ECF No. 1 at 4-6.)

The Town argues that Plaintiff's § 1983 action as it concerns his 2009 business license fails as a matter of law because Plaintiff failed to file the instant action prior to the expiration of the applicable statute of limitations and did not properly appeal the decision made regarding the suspension of the license. (ECF No. 38-1 at 3-4.) The Town also contends that Plaintiff's § 1983 claims concerning violations of his liberty and freedom of movement as they relate to various state court charges (with the exception of his claims relating to charges for Assault and Battery and Violation of Bond) fail as a matter of law because Plaintiff failed to file this action within the applicable statute of limitations. (ECF No. 38-1 at 4.) The Town also argues that it is entitled to summary judgment with respect to any and all of Plaintiff's § 1983 claims, including those brought under the First, Fourth, Fifth, and Fourteenth Amendments, because Plaintiff has failed to assert a municipal policy, custom, or practice that resulted in a violation of Plaintiff's constitutional rights (ECF No. 38-1 at 12-14) and further failed to support his First Amendment Retaliation claim with evidence to establish: 1) that Plaintiff engaged in any protected speech, 2) that Defendants took any

action impacting Plaintiff's right to free speech, and/or 3) the existence of a causal relationship between protected speech and any action taken by Defendants. (ECF No. 38-1 at 14-16.) The Defendants also argue that to the extent the complaint can be read to include an equal protection claim, Plaintiff failed to plead evidence to establish an intent to discriminate. Plaintiff filed a memorandum in opposition to the motion of Defendants (ECF No. 47) which appears to be a response to the Motion for Summary Judgment filed by Defendants Police Chief E. Lewis, Lt. Randy Fisher, and Manager William Booker only. The court has carefully reviewed Plaintiff's opposition papers for any response pertinent to the moving Defendants. Finding none, the court considers the Defendants' arguments on the merits, the record, and based on the oral arguments in accordance with Local Rule 7.06.

Although there are arguably several bases for granting summary judgment in favor of the Town based on the arguments raised, the court grants the Town's motion for summary judgment on Plaintiff's § 1983 claims on the grounds that Plaintiff has failed to produce evidence of any violation of a statutory or constitutional right on the part of the Town. As discussed above, § 1983 makes "persons" acting under the color of law liable for Constitutional deprivations. "Persons" includes local governments whose officials commit constitutional torts "according to municipal policy, practice, or custom." *Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1028 (9th Cir. 2000). Generally,"[a] municipality's liability arises only where the constitutionally offensive actions of employees are taken in furtherance of some municipal policy or custom," a claim commonly referenced as a *Monell* claim. *See Walker v. Prince George's Cnty., MD*, 575 F.3d 426, 431 (4th Cir. 2009) (quoting *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir.1984)) (internal quotations omitted). Thus, Plaintiff was obliged to "identify a municipal 'policy' or 'custom' that

caused [his] injury." *Board of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (quoting *Monell v. City of New York Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978)). Here, Plaintiff failed to make any allegations in the complaint regarding any Town policy, custom, or ordinance that caused a deprivation of Plaintiff's constitutional rights through its mere furtherance or enforcement.

In his complaint, Plaintiff asserts without much elaboration that the Town issued a stop work order on work on the church in July 2010 after citing several code violations, including code # 108.3.1. (ECF No. 1 at 4, ¶ 14.) Plaintiff also claims that the Town gave him a food and beverage license which was subsequently suspended. (ECF No. 1 at 5-6, ¶ 17.) Plaintiff states that he was later arrested by Defendant Lt. Fisher for operating without a business license pursuant to Town Ordinance #5-2001B-1204 Sec. 7-1-2 and later found not guilty. (ECF No. 1 at 5-6, ¶ 18-19.) In his response opposing summary judgment, Plaintiff claims that the town councilmembers and town manager passed ordinances specifically targeting Plaintiff such as Ordinance 12-3-10 that requires all boats, tractors, machinery, and other commercial type vehicles to be parked or stored in designated areas. (ECF No. 47 at 10.) Plaintiff also claims that Defendants passed an unidentified noise ordinance under which Plaintiff was charged, an unidentified ordinance requiring Santee Cooper to have approval from the town manager before allowing electric service to Atlantic Beach customers, and an unidentified ordinance stating that a person could not be appointed to a town board or commission if they had lawsuits filed against them. (ECF No. 47 at 11.) In opposition to Defendants' Motion for Summary Judgment, Plaintiff filed several affidavits which are discussed above in conjunction with the discussion of the claims against the Town Councilmembers. At most, these affidavits also vaguely reference some of the above noted ordinances and reference the allegedly harassing practices of Defendants more generally. Even assuming that these factual

-15-

allegations and contentions are intended to support a claim against the Town (as opposed to some

of the other named defendants), Plaintiff still fails to explain or support his presumption that these

ordinances or any other municipal conduct were targeted at Plaintiff in any way, are directly

constitutionally offensive, or that the ordinances or other conduct proximately caused a

constitutional violation.  *See Spell v. McDaniel*, 824 F.2d 1380, 1389 (4th Cir.1987) (To prevail

under a *Monell* claim, a plaintiff must: (1) identify the specific policy or custom at issue; (2) fairly

attribute the policy and fault for its creation to the municipality; and (3) prove the necessary

affirmative link between the identified policy or custom and specific violation); *see also Semple v.

City of Moundsville*, 195 F.3d 708, 712 (4th Cir.1999) ("plaintiffs seeking to impose liability on a

municipality must, therefore, adequately plead and prove the existence of an official policy or

custom that is fairly attributable to the municipality and that proximately caused the deprivation of

their rights").  As noted by the Fourth Circuit in *Walker v. Prince George's County*:

> As the Supreme Court has recently explained, "[t]hreadbare recitals of the elements
> of a cause of action, supported by mere conclusory statements, do not suffice" to
> plead a claim. *Ashcroft v. Iqbal*, 556 U.S. ----, ----, 129 S.Ct. 1937, 1949, 173
> L.Ed.2d 868 (2009).  And "[w]e are not bound to accept as true a legal conclusion
> couched as a factual allegation." *Id.* at 1949-1950 (quotation marks omitted).
> Appellants' allegations "do not permit [us] to infer more than the mere possibility of
> misconduct." *Id.* at 1950.  This mere possibility is inadequate to subject the County
> to appellants' suit for monetary damages.

*Walker v. Prince George's Cnty.*, *MD*, 575 F.3d 426, 431 (4th Cir. 2009).  This case is similar to

*Walker* in several respects and like the plaintiffs in *Walker*, Plaintiff has insufficiently plead a

*Monell* claim against the municipal entity at issue and has at best, only made several conclusory

allegations which "do not permit the court to infer more than the mere possibility of misconduct."

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Plaintiff does not raise or allege any other potential theories

of liability on the part of the Town, i.e., failure to train or supervise, see *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and *City of Canton v. Harris*, 489 U.S. 378 (1989), nor has he presented any evidence in support of any alternative theories.  Further, Plaintiff has not produced any evidence of any violation of a statutory or constitutional right committed by the Councilmember Defendants that would serve as a basis of liability for the Town for the actions of those individuals. Thus, in view of the evidence before the court, Plaintiff fails to establish factual support for his § 1983 claims sufficient to overcome a motion for summary judgment. [5]

Next, the court turns to Plaintiff's federal causes of action for violation of the right to travel and conspiracy (Causes of Action 10-11).  Plaintiff's right to travel claim is also apparently brought pursuant to 42 U.S.C. § 1983.  Plaintiff claims that Defendants deprived Plaintiff of his right to travel and live where he pleased.  (ECF No. 1 at 13.)  The Town seeks summary judgment on the basis, among other reasons, that Plaintiff failed to allege or produce evidence establishing the essential elements of a claim for violation of the right to travel.  (ECF No. 38-1 at 27. )

The right to travel embraces at least three different components: "[i]t protects the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor

_____

[5]The Town also argues that it is entitled to summary judgment on Plaintiff's First Amendment Retaliation claim because Plaintiff failed to come forth with evidence to establish (1) that Plaintiff engaged in any protected speech, (2) that Defendant took any action impacting Plaintiff's right to free speech, and/or (3) the existence of a causal relationship between protected speech and any action taken by Defendant.  A plaintiff making a claim for a First Amendment retaliation claim under section 1983 must prove these three elements.  *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 686 (4th Cir. 2000) ("First, the plaintiff must demonstrate that his or her speech was protected.  Second, the plaintiff must demonstrate that the defendant's alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech.  Third, the plaintiff must demonstrate that a causal relationship exists between its speech and the defendant's retaliatory action.")  Plaintiff has not alleged or established these elements.  Because Plaintiff's First Amendment Free Speech claim is also brought pursuant to 42 U.S.C. § 1983, it also falls subject to dismissal because of insufficient evidentiary support for the reasons outlined above.

rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." *Saenz v. Roe*, 526 U.S. 489, 500 (1999). The Supreme Court has also noted that "[a] state law implicates the right to travel when it actually deters such travel . . . when impeding travel is its primary objective . . . or when it uses any classification which serves to penalize the exercise of that right." *Attorney General of New York v. Soto–Lopez*, 476 U.S. 898, 903 (1986). "While the Supreme Court has recognized a fundamental right to interstate travel, it has not determined whether there is a similar fundamental right to intrastate travel." *Shanks v. Forsyth County Park Auth., Inc.*, 869 F. Supp. 1231, 1235 (M.D.N.C.1994); *see also Willis v. Town of Marshall*, 426 F.3d 251, 264–66 (4th Cir. 2005) ("Whether there is a right to intrastate travel that is sufficiently fundamental to fall within the scope of the substantive Due Process clause, however, is not entirely clear. The Supreme Court has not expressly recognized a fundamental right to intrastate travel . . . .)

Here, Plaintiff has not asserted that he was prevented from engaging in interstate travel, instead Plaintiff alleges that Defendants have deprived him of his right to travel and live where he pleases. Further, Plaintiff has not identified a state statute, ordinance, regulation, custom or usage through which the Defendants have acted to prevent Plaintiff from traveling and living where he pleases. As with his other § 1983 claims, Plaintiff fails to allege or produce evidence establishing any action on the part of Defendants that would give rise to a plausible cause of action for violation of the right to travel. Summary judgment is therefore appropriate on Plaintiff's right to travel claim.

Plaintiff's conspiracy claim, if intended as a federal claim pursuant 42 U.S.C. § 1985 is also subject to dismissal as discussed above in conjunction with the Councilmember Defendants. Again, Plaintiff has offered no evidence to support his conspiracy theory, therefore, the Town is entitled

to judgment as a matter of law on any claim brought pursuant to 42 U.S.C. § 1985.[6]

In sum, the Town is entitled to summary judgment on Plaintiff's federal causes of action as it relates to any independent conduct, or conduct imputed based on the actions of the Councilmember Defendants or the Town itself other than any potential liability it may have related to the conduct of the co-Defendants Booker, Lewis and Fisher done within the scope and course of their employment.[7]

III.     State Law Claims

In addition to above mentioned federal claims, Plaintiff has made various state law claims against Defendants: 1) six counts of malicious prosecution; six counts of false arrest; and 3) six counts of abuse of process.  Plaintiff has failed to plead, allege or produce any facts or evidence establishing any involvement of the Councilmember Defendants specifically in the events that underlie Plaintiff's state law claims.  In fact, Plaintiff failed to respond to these arguments by way of any opposition to granting summary judgment in favor of the Councilmember Defendants and does little more than restate the conclusory arguments of his complaint in his opposition to the

---

[6]The Town also maintains that it is immune from Plaintiff's conspiracy suit under the doctrine of intracorporate immunity to the extent the individually named defendants in this action were acting in their official capacities.  (ECF No. 38 at 35.)  The doctrine recognizes that employees of a single corporate or municipal entity, each acting within the scope of his or her employment, is legally incapable of conspiring together or with the entity.  *See ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 179 (4th Cir. 2002).  This doctrine applies here and serves as another basis for granting summary judgment in favor of the Town on Plaintiff's conspiracy claims based on the facts stated and allegations made in this case.

[7]In a separate order ruling on the Motion for Summary Judgment filed by Defendants Fisher, Lewis and Booker, this court the court denied the Motion for Summary Judgment as to Plaintiff's federal claims except as to Plaintiff's § 1983 claim related to Plaintiff's food and beverage license.  Summary judgment was granted as to Plaintiff's § 1983 claim related to Plaintiff's food and beverage license.

motion to dismiss. (ECF No. 23.) Thus, as is the case with Plaintiff's federal law claims, Plaintiff has failed to meet his burden of establishing genuine issues of material fact for adjudication. Accordingly, summary judgment is warranted in favor of the Councilmember Defendants on Plaintiff's state law claims as well.

The Town claims summary judgment is warranted in its favor due to the Town's immunity from suit under the provisions of the South Carolina Tort Claims Act to the extent Plaintiff is able to produce any evidence that the co-Defendants (Fisher, Lewis, and/or Booker) are deemed culpable for any misbehavior in support of Plaintiff's causes of action. (ECF No. 38-1 at 30.) Specifically, the Town argues that any such action on the part of these co-Defendants was done outside of the scope of their employment or official duties with the Town thereby constituting actual fraud, malice, intent to harm, or a crime of moral turpitude, and absolving the Town of any potential liability. (ECF No. 38-1 at 30, 32.)

In the court's separate order on Defendants Booker, Fisher, and Lewis's motion for summary judgment, the court granted summary judgment in favor of Defendants as to Plaintiff's state law claims for false arrest, abuse of process, and malicious prosecution as to all counts with the exception of Plaintiff's claim for malicious prosecution related to his unsightly litter ticket as to Defendant Fisher only. The court denied summary judgment as to Defendant Fisher only, and only as to Plaintiff's state law claim for malicious prosecution as to the unsightly litter ticket. Because Plaintiff has not stated any claims against the Town itself independently of the actions of its employees, the Town is entitled to the same relief as to Plaintiff's state law claims as described above concerning the federal claims and in this court's related order concerning the motion for summary judgment filed by Defendants Booker, Lewis, and Fisher.

## CONCLUSION

The facts asserted by Plaintiff, viewed in the light most favorable to him, are simply insufficient to establish a violation of Plaintiff's federal constitutional rights. Accordingly, summary judgment is GRANTED in favor of Defendants Councilwoman Charlene Taylor, Councilwoman Josephine Isom, Councilman Jake Evans (ECF No. 38) on Plaintiff's federal and state law claims for the reasons outlined above. Summary judgment is also granted in favor of the Town as to any claim made against the Town independently, outside of any potential liability it may have related to the conduct of the co-Defendants Booker, Lewis and Fisher done within the scope and course of their employment. As to the potential liability of the Town for the actions of its employees, summary judgment is granted in part, but only as to Plaintiff's state law claims for false arrest, abuse of process, and malicious prosecution as to all counts with the exception of Plaintiff's claims for malicious prosecution related to his unsightly letter ticket and as to Defendant Fisher only. All other relief requested but not specifically granted is hereby denied.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
November 6, 2013

-21-