IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Darnell Price, | ) | Civil Action No.: 4:12-cv-02329-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Town of Atlantic Beach, Chief Randy Rizzo, | ) | **OPINION AND ORDER** |
| Chief E. Lewis, Lt. Randy Fisher, | ) | |
| Councilwoman Charlene Taylor, | ) | |
| Councilwoman Josephine Isom, Councilman | ) | |
| Jake Evans, Manager William Booker, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before this court is Defendants Police Chief E. Lewis, Lt. Randy Fisher, and William

Booker's (collectively "Defendants") Motion for Summary Judgment brought pursuant to Federal

Rule of Civil Procedure 56.  (ECF No. 36.)  The court heard arguments on this motion on May 17,

2013.  (ECF No. 55.)  Having considered the arguments, the record, and the applicable law, for the

reasons set forth below, the court denies the Motion for Summary Judgment as to Plaintiff's federal

claims except as to Plaintiff's § 1983 claim related to Plaintiff's food and beverage license.

Summary judgment is granted as to Plaintiff's § 1983 claim related to Plaintiff's food and beverage

license.  Summary judgment is granted in favor of Defendants as to Plaintiff's state law claims for

false arrest, abuse of process, and malicious prosecution as to all counts with the exception of

Plaintiff's claim for malicious prosecution related to his unsightly litter ticket as to Defendant Fisher

only.  Summary judgment is denied as to Defendant Fisher only, and only as to Plaintiff's claim for

malicious prosecution for to the unsightly litter ticket.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Darnell Price ("Plaintiff") filed this action on August 14, 2012 in this court against Defendants Town of Atlantic Beach, Chief Randy Rizzo, Chief E. Lewis, Lt. Randy Fisher, Councilwoman Charlene Taylor, Councilwoman Josephine Isom, Councilman Jake Evans, and Manager William Booker (collectively "named defendants") pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983 and 1985, and the laws and Constitution of the State of South Carolina.  (ECF No. 1.)  The complaint states that "Plaintiff is a black male and an advocate of minorities and equal rights," a "vocal critic of the corruption, dishonesty, and abuse of the government of Atlantic Beach and the Defendants," and the husband of the pastor of the Atlantic Beach CME Church.  (ECF No. 1, ¶¶ 3, 6.)  Plaintiff alleges that the named defendants in this case conspired together in an attempt to prevent Plaintiff and his wife from moving into their home in Atlantic Beach and otherwise violated the law and Plaintiff's rights.  (ECF No. 1, ¶ 7.)  Plaintiff further contends that in retaliation for Plaintiff moving into Atlantic Beach "Defendant Mr. Booker . . . had the town Council [pass] an ordinance requiring Town approval before utility services could be provided to a property" which impacted Plaintiff's efforts to repair the property he intended to lease.  (ECF No. 1, ¶ 9.)  Plaintiff alleges that various defendants continued to harass him as he began work on the property and that he and the church received numerous tickets and citations in an attempt to prevent him from moving into Atlantic Beach and from working on his wife's church building.  Plaintiff alleges that he was also charged in summary court for operating without a business license, assault and battery, and other charges.

The complaint sets forth claims against the named defendants for: 1) Violation of First Amendment Free Speech (42 U.S.C. § 1983) for the deprivation of Plaintiff's property, right to

speak, and freedom from retaliation for the exercise of his free speech and criticism of the named

defendants; 2) Violation of Fourth Amendment Due Process (42 U.S.C. § 1983) for the restriction

of Plaintiff's liberty and freedom of movement that occurred when Plaintiff had to appear in court

to defend himself on charges of building permit and parking violations; 3) Violation of Fourth

Amendment Due Process (42 U.S.C. § 1983) for the restriction of Plaintiff's liberty and freedom of

movement that occurred when Plaintiff had to appear in court to defend himself on charges of

interfering with a police officer; 4) Violation of Fourth Amendment Due Process (42 U.S.C. § 1983)

for the restriction of Plaintiff's liberty and freedom of movement that occurred when Plaintiff had

to appear in court to defend himself on charges of operating without a license; 5)Violation of Fourth

Amendment Due Process (42 U.S.C. § 1983) for the restriction of Plaintiff's liberty and freedom of

movement that occurred when Plaintiff had to appear in court to defend himself on charges of assault

and battery; 6) Violation of Fourth Amendment Due Process (42 U.S.C. § 1983) for the restriction

of Plaintiff's liberty and freedom of movement that occurred when Plaintiff had to appear in court

to defend himself on charges of violation of bond; 7) Six Counts of Malicious Prosecution because

the named defendants caused Plaintiff to be prosecuted for the offenses of building permit violations,

parking violations, interfering with a police officer, operating without a license, assault and battery

and violation of bond without probable cause; 8) Six Counts of False Arrest because the named

defendants deprived Plaintiff of his liberty and freedom of movement, without probable cause or

exigent circumstance; 9) Six Counts of Abuse of Process as the named defendants caused process

to be issued and pursued against Plaintiff for ulterior purposes and revenge; 10) Conspiracy to

-3-

commit illegal acts and/or to commit legal acts by illegal means to harm Plaintiff[1]; and 11) Violation

of the Right to Travel under the Fifth and Fourteenth Amendments to the United States Constitution

in that Plaintiff was deprived of his right to travel and live where he pleased.

## STANDARD OF REVIEW

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P.

56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving

party is to be believed and all justifiable inferences must be drawn in his favor. *See Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might

affect the outcome of the suit under the governing law will properly preclude the entry of summary

judgment. Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.* at 248.  The

moving party has the burden of proving that summary judgment is appropriate.  Once the moving

party makes this showing, however, the opposing party may not rest upon mere allegations or

denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts

showing that there is a genuine issue for trial.  *See* Fed.R.Civ.P. 56.  A litigant "cannot create a

genuine issue of material fact through mere speculation or the building of one inference upon

another."  *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985).  "[W]here the record taken as a whole

could not lead a rational trier of fact to find for the nonmoving party, disposition by summary

judgment is appropriate."  *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th

Cir.1996).

---

[1]It is not entirely clear whether Plaintiff's conspiracy cause of action has been brought pursuant to state law or 42 U.S.C. § 1985.

**PARTIES' ARGUMENTS AND ANALYSIS**

I.    <u>Claim Preclusion</u>

First, Defendants argue that a settlement agreement signed by Plaintiff's wife, Wendy Price, in a previous lawsuit (4:09-cv-02708) precludes all of Plaintiff's § 1983, Abuse of Process, Malicious Prosecution, False Arrest, Right to Travel, and Conspiracy Claims ("Wendy Price Settlement Agreement") as to Defendants Booker, Lewis, and Fisher. In that case, Wendy Price brought suit against the Town of Atlantic Beach and several others for fraud, interference with taking office, obstruction of justice, deprivation of rights, failure to guarantee a republican form of government, violation of the right to travel, conspiracy, bill of attainder, violation of freedom of religion, violation of free speech, failure to prevent deprivation of rights, and deprivation of property stemming from Defendants' alleged efforts to thwart Mrs. Price's candidacy for town council and efforts to run her and her church out of the Town of Atlantic Beach ("Wendy Price Lawsuit"). Of the moving defendants in this matter, only Manager William Booker was named in the Wendy Price Lawsuit—Defendants Chief E. Lewis and Lt. Randy Fisher were not named in that lawsuit.

Defendants appear to lump the claim preclusion and settlement agreement arguments into one under the defense of claim preclusion and argue that the settlement agreement which resulted in a final order precludes Plaintiff from realleging the same issues in the present case. Res judicata, sometimes referred to as claim preclusion, provides that "if the later litigation arises from the same cause of action as the first, then the judgment bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir.1996). Three elements must be shown for res judicata to apply: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their

privies, and (3) a subsequent suit based on the same cause of action." *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir.1996). "Generally, claims are part of the same cause of action when they arise out of the same transaction or series of transactions . . . or the same core of operative facts." *In re Varat Enters., Inc.,* 81 F.3d at 1316 (internal citations omitted).

Defendants appear to argue that the Wendy Price Settlement Agreement, pursuant to which the Wendy Price Lawsuit was dismissed with prejudice, precludes the current claims against all moving defendants, including Defendants Lewis and Fisher. The court disagrees. The claim preclusion doctrine provides a bar to subsequent actions between the same parties concerning the same causes of action. Even considering the dismissal with prejudice to be the "final judgment" necessary to satisfy the first element of claim preclusion, there is still the issue of whether the judgment involves the same parties and whether the claims in the second matter are based on the same causes of action involved in the earlier proceeding. As noted above, the crux of the Wendy Price Lawsuit concerns various efforts that Mrs. Price alleged deprived her personally of the opportunity to participate in the governance process in the Town of Atlantic Beach. Plaintiff was not even a party to that action and while there is some factual overlap, Plaintiff's claims here against Defendants Booker, Lewis, and Fisher are not a part of the same causes of actions raised by his wife. Even more glaring, the parties to the actions are different in another significant way—Defendants Lewis and Fisher fail to show that a claim against them is barred by the doctrine of claim preclusion, as they have not shown that they were parties to the prior action and have advanced nothing to show privity.[2]

---

[2] Generally speaking, public employees sued in their individual capacities are not in privity with their employers or with each other for res judicata purposes. *See generally* 18A Wright, Miller & Cooper, Federal Practice and Procedure § 4458, at 567 & n. 20 (2d ed. 2002)

Similarly, Defendants argue that a lawsuit brought by the Christian Methodist Episcopal Church, the Atlantic Beach CME Mission Church, and its Congregation versus William Booker, Chief Eric Lewis, Lt. Randy Fisher and others (4:10-cv-02116) bars Plaintiff's claims based on the doctrine of claim preclusion.  In that case, Plaintiffs (church and congregation) brought suit against several named defendants with causes of action for violation of the right to free exercise of religion, conspiracy, obstruction of justice, failure to prevent deprivation of rights, abuse of process, trespass, unreasonable search and seizure, and conversion related to Plaintiffs' ability to worship and fellowship at their church ("CME Church Lawsuit").  Defendants in this case note that they were named parties in the CME Church Lawsuit which resulted in a settlement agreement between the defendants in that case and the CME Church and congregation signed by Plaintiff Darnell Price on behalf of the church and congregation ("CME Church Settlement Agreement").  (ECF No. 36-1 at 11.)  Applying the same principles of res judicata, Defendants' argument for preclusion falls short here as well.  Although Plaintiff was involved in the CME Church Settlement as a church member and a trustee, as Defendants fully acknowledge, Plaintiff signed the CME Church Settlement Agreement as a trustee and representative of the congregation in that case.  As a basic principle of res jusdicata, "[a] party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity."  Restatement (Second) of Judgments § 36(2) (1982).  In other

---

("[A] judgment against a government or one government official does not bind a different official in subsequent litigation that asserts a personal liability against the official . . . ."); *see also Hurt v. Pullman, Inc.*, 764 F.2d 1443, 1448 (11th Cir.1985) ("Under basic principles of res judicata jurisprudence, for a party to be bound by or take advantage of a prior suit that party or its privy must not only have been present in both suits, but it has to appear in the same capacity in both suits.").

words, "for a party to be bound by or take advantage of a prior suit that party or its privy must not only have been present in both suits, but it has to appear in the same capacity in both suits." *Hurt v. Pullman, Inc.*, 764 F.2d 1443, 1448 (11th Cir. 1985). Thus, even assuming Plaintiff's participation in the CME Church Lawsuit in a representative capacity, this participation does not preclude a second suit involving Plaintiff's representation of his own individual interests which were not at issue in the prior action. Although some of the background facts are similar, the lawsuits are different in their intent. Further, there are at least issues of disputed facts as to the parties' intent in entering the Settlement Agreements and Releases as they relate to the resolution of claims involving Plaintiff. Accordingly summary judgment is not appropriate on Defendants' theory of claim preclusion.

II.     Federal Statute of Limitations

Defendants also argue that Plaintiff's § 1983 causes of action as they may relate to Plaintiff's business license for food and beverage is barred by the federal statute of limitations. (ECF No. 36-1 at 12.) Although it is somewhat difficult to discern, at least some of Plaintiff's allegations concerning the food and beverage business license appear to concern an alleged violation of Fourth Amendment Due Process (42 U.S.C. § 1983) for the restriction of Plaintiff's liberty and freedom of movement that occurred when Plaintiff had to appear in court to defend himself on charges of operating without a license. (ECF No. 1.) A statute of limitations defense is an affirmative defense that must be raised and proved by Defendants. Fed.R.Civ.P. 8(c); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Defendants have done no more than to suggest that Plaintiff failed to appeal the decision to deny his application within the 10 day period required under the ordinance. (ECF No. 36-1 at 12-13.) The suggestion, however, does not address the time period applicable for

Plaintiff's broader claim for damages which only tangentially concern the cited Atlantic Beach

Ordinance provision.  Accordingly, to the extent Plaintiff intended the claim as characterized above,

the court declines to find this § 1983 claim barred by the statute of limitations.

III.     Application of South Carolina Statute of Limitations to Plaintiff's State Law Claims

Defendants next argue that all of Plaintiff's state law claims except those for assault and

battery and violation of bond are barred by the statute of limitations.  (ECF No. 36-1 at 13.)

Defendants seek to apply the two-year statute of limitations pursuant to S.C. Code Ann. § 15-78-110

of the South Carolina Tort Claims Act ("the Act") which requires that an action be brought within

two years after the date of loss was or should have been discovered.  The Act "constitutes the

exclusive remedy for any tort committed by an employee of a governmental entity." S.C. Code Ann.

§ 15-78-70.  In opposition to summary judgment, Plaintiff argues that the South Carolina Tort

Claims Act is not applicable to this action which he considers to be a suit brought against individuals

for their alleged violations of state and federal law.  (ECF No. 47 at 24.)  Specifically, Plaintiff

points to S.C. Code Ann. § 15-78-70(b) of the Act which states that nothing in the statutes should

be construed to give an employee of a governmental entity immunity from suit and liability if it is

proved that the employee's conduct is outside of the scope of his official duties or that it constituted

actual fraud, malice, intent to harm, or a crime of moral turpitude.  (ECF No. 47 at 24.)

Accordingly, Plaintiff argues that a three year statute of limitations for general torts applies to his

claims.  *See* S.C. Code Ann. § 15-3-530.

Plaintiff's three state law claims (for malicious prosecution, false arrest and abuse of process)

are comprised of several separate counts based on citations he received.  Defendants admit and

acknowledge that Plaintiff's allegations concerning citations for an assault and battery arrest and

violation of bond (two of the counts of each of three causes of action) are not time barred by any potentially applicable statute of limitations.  Plaintiff indicated in his deposition and affirmed in opposition to the motion for summary judgment that the counts referred to various tickets he received: 1) assault and battery third degree charges; 2) operating without a business license; 3) unsightly litter ticket; 4) windshield obstruction; 5) the ankle bracelet sentence for violation of bond; and 6) either the ankle bracelet or due process.  (ECF No. 47 at 25.)

As noted above, the South Carolina Tort Claims Act governs tort claims against governmental entities and is the exclusive civil remedy in an action against a governmental entity or its employees.  *See Murphy v. Richland Memorial Hosp*., 317 S.C. 560, 455 S.E.2d 688, 689 (1995).  The Act defines a "[g]overnmental entity" as "the State and its political subdivisions" to include municipalities.  S.C. Code Ann. § 15-78-30(d) & (h).  Employees refers to "any officer, employee, agent, or court appointed representative of the State or its political subdivisions, including elected or appointed officials, law enforcement officers, and persons acting on behalf or in service of a governmental entity in the scope of official duty . . . ."  S.C. Code Ann. § 15-78-30(c). "'Scope of official duty' or 'scope of state employment' means (1) acting in and about the official business of a governmental entity and (2) performing official duties."  S.C. Code Ann. § 15-78-30(I).  In sum, the Act is intended to cover those actions committed by an employee within the scope of the employee's official duty.  *Flateau v. Harrelson*, 355 S.C. 197, 584 S.E.2d 413, 416 (S.C. Ct. App. 2003).  Plaintiff does not dispute that the named defendants are employees as contemplated by the Act.  Plaintiff instead appears to argue that Defendants actions were outside of the scope of their official duties and therefore, citing South Carolina Code Ann. § 15-78-70(b), suggests that neither the Act nor its statute of limitations applies.  Based on the allegations of the complaint, Plaintiff is

-10-

alleging torts committed by Defendants while acting within the scope of their official duties.  The

claims are therefore subject to the South Carolina Tort Claims Act.

Section 15-78-110 of the Act provides a two-year statute of limitations for most actions; a

three-year statute of limitations is available to a party who files a "verified claim."  *See* S.C. Code

Ann. § 15-78-80; *see also  Joubert v. South Carolina Dep't of Soc. Servs*., 341 S.C. 176, 534 S.E.2d

1 (S.C. Ct. App. 2000) (if plaintiff files statutorily-defined claim within one year of loss or injury,

statute of limitations is extended to three years).  As the record contains no evidence that Plaintiff

filed a verified claim, the general two-year statute of limitations is applicable.  Further, South

Carolina Code Annotated § 15-78-70(b), relied on by Plaintiff in support of his argument for the

applicability of a three-year statute of limitations, only "lifts the immunity normally enjoyed by

governmental employees if they act outside the scope of their employment or their actions constitute

fraud, malice, an intent to harm, or a crime of moral turpitude."  *Flateau*, 584 S.E.2d at 419.

Accordingly, "[a]bsolutely nothing in subsection (b) references a limitations period and, as part of

the general Tort Claims Act statutory scheme, it is subject to the Act's statute of limitations as

prescribed in S.C. Code Ann. § 15-78-110." *Id.*

Plaintiff asserts that he was ticketed for operating without a business license on several

occasions to include business activities taking place on May 5, 2008, August 31, 2009, and

September 10, 2009.  (ECF No. 47 at 18, 25.)  Plaintiff specifically contends that the ticket issued

on September 10, 2009, for operating without a business license during the performance of repairs

on property located at 413 30th Avenue was within the three-year period for bringing suit.  Plaintiff

contends, without more, that Defendants Lewis, Fisher, or Booker were involved with directing the

issuance of the tickets.  (ECF No. 47 at 25-26.)  Because Plaintiff's lawsuit was filed on August 15,

2012, the Act's two-year statute of limitations bars the false arrest and abuse of process claims for operating without a business license.

Plaintiff indicates that his ticket for unsightly litter was issued on April 20, 2010 and contends that this date is within the three-year statute of limitations applicable for general torts. As this court has found the two-year South Carolina Tort Claims Act statute of limitations applicable, the unsightly litter counts of Plaintiff's state law false arrest and abuse of process claims are barred by the statute of limitations. Similarly, the windshield obstruction counts of Plaintiff's state law false arrest and abuse of process claims are also barred by the statute of limitations. To the extent Plaintiff's tickets for interfering with a police officer (July 28, 2010) and parking violation (September 4, 2009) are intended as separate counts, these incidents also occurred outside of the applicable statute of limitations and related state law false arrest and abuse of process claims are barred accordingly.

In sum, Plaintiff's state law claims for false arrest and abuse of process as to all counts with the exception of those concerning assault and battery arrest and violation of bond are barred by the application of the two-year statute of limitations set forth in the South Carolina Tort Claims Act. For the reasons stated above, these allegations are time barred to all claims except for the assault and battery and violation of bond claims.

IV.    Probable Cause and Lack of Evidence for Malicious Prosecution Claims

Defendants move for summary judgment on Plaintiff's malicious prosecution claims based on the lack of probable cause and lack of evidence to support those claims. (ECF No. 36-1 at 17.) In order to recover in an action for malicious prosecution under South Carolina law the plaintiff must show (1) the institution or continuation of original judicial proceedings, either civil or criminal;

(2) by, or at the instance of, the defendant; (3) termination of such proceeding in the plaintiff's favor;

(4) malice in instituting such proceedings; (5) want of probable cause, and (6) resulting injury or

damage. *Ruff v. Eckerds Drugs, Inc.*, 265 S.C. 563, 220 S.E.2d 649, 651 (1975). Probable cause

is defined as the "'existence of such facts or circumstances as would excite the belief of a reasonable

mind, acting on facts within the knowledge of the prosecutor, that the person charged was guilty of

the crime for which he was prosecuted.'" *Id.* at 652. The fact that a plaintiff might have been

discharged as to certain of his charges is not conclusive on the question of probable cause. *Id.* at

651. "Although the question of whether probable cause exists is ordinarily a jury question, it may

be decided as a matter of law when the evidence yields  but one conclusion." *McBride v. School

Dist. of Greenville Cnty.,* 389 S.C. 546, 698 S.E.2d 845, 855-856 (S.C. Ct. App. 2010).

As to Plaintiff's claim concerning the ticket for operating without a business license, Plaintiff

admits that he alleges that only Defendant Booker was involved in the issuance of the ticket. (ECF

No. 47 at 28-29.) Plaintiff appears to contend that Defendant Booker's involvement in the issuance

of the ticket consisted of holding a Planning Commissioners' meeting at which time condemnation

of the 413 30th Avenue property was discussed. (ECF No. 47 at 28-29.) Plaintiff does not contend

that any of the Defendants were involved in the issuance of the actual ticket Plaintiff received for

performing repairs on the 413 30th Avenue property without a business license. Viewing the record

in the light most favorable to Plaintiff, Plaintiff's claim of malicious prosecution brought against

Defendant Booker fails on many fronts and summary judgment is warranted in favor of Defendants

concerning this ticket. Plaintiff has put forth no evidence that the ticket issued was in any way

brought about by or at the instance of Defendant Booker, thus the court does not even necessarily

need to reach the issue of probable cause.

-13-

Plaintiff's claim for malicious prosecution related to his unsightly litter ticket also fails as to Defendants Lewis and Booker. Plaintiff alleges, without any factual support, that Defendants Lewis or Booker directed Defendant Fisher to ticket Plaintiff, and these allegations are insufficient to defeat summary judgment as to these defendants. (ECF No. 47 at 29.) Viewing the record in the light most favorable to Plaintiff, the court finds that there is at least a question of fact as to whether probable cause existed for Defendant Fisher to issue the unsightly litter ticket to Plaintiff personally. Thus, summary judgment is denied as to Defendant Fisher only, and only as to Plaintiff's claim for malicious prosecution as to the unsightly litter claim.

Plaintiff's claim for malicious prosecution related to his windshield obstruction ticket fails and the court grants summary judgment in favor of Defendants on this claim and count. Plaintiff admits that the windshield of his truck was cracked, which in and of itself would serve as probable cause for issuing a ticket for windshield obstruction. (ECF No. 47 at 30.); *see Jones v. City of Columbia*, 301 S.C. 62, 389 S.E.2d 662, 663 (1990). Plaintiff acknowledges that none of the Defendants issued him the ticket for windshield obstruction, instead Plaintiff makes an unsuccessful attempt to link Defendants to the ticket issued by claiming, without any factual support, that all were involved in a conspiracy to destroy him. (ECF No. 47 at 31.)

Finally, to the extent it is intended as a separate claim, count, or cause of action, Plaintiff's claim regarding his ticket for interfering with a police officer fails on the probable cause element based on Plaintiff's own admissions and testimony indicating Plaintiff's refusal to comply with orders. (ECF No. 47 at 31-32; ECF No. 36-32 at 69-70.) Plaintiff's argument is that he was justified in his conduct based on subsequent events and court findings. However, the fact that Plaintiff might have been discharged as to certain of his charges is not conclusive on the question of probable cause.

-14-

*Ruff*, 220 S.E.2d at 651.  Here, it is clear as a matter of law, that Defendants possessed a good faith belief that Plaintiff violated certain statutory provisions under the circumstances presented.  *Jones*, 389 S.E.2d at 663.

V.     Immunity Based on the South Carolina Tort Claims Act

Defendants also claim immunity as to Plaintiff's third degree assault and battery and violation of bond claims.  (ECF No. 36-1 at 21.)  Plaintiff suggests Defendants were involved with the assault and battery claims because Defendant Lewis signed the affidavit in conjunction with the warrant leading to his arrest and also claims that Defendants Booker, Lewis, and Fisher were behind the incidents.  (ECF No. 47 at 33.)  Specifically, Defendant contends that under the South Carolina Tort Claims Act, Defendants are immune from civil suit pursuant to several provisions of S.C. Code Ann. § 15-78-60.  (ECF No.  36-1 at 22.)  South Carolina Code Annotated § 15-78-60 carves out exceptions to the limited waiver of governmental immunity established by the Act, including discretionary immunity that arises when a government employee's decision is within the discretion or judgment allowed.  *See* S.C.Code Ann. § 15-78-60(5).  Additionally the code section provides that a governmental entity is not liable for a loss resulting from legislative, judicial or quasi-judicial action or inaction; administrative action or inaction of a legislative, judicial, or quasi-judicial nature; or execution, enforcement, or implementation of the orders of any court or execution, enforcement, or lawful implementation of any process. S.C.Code Ann. § 15-78-60 (1), (2), (3).  The court finds that Defendant Booker's act of signing the affidavit in conjunction with the warrant protects the governmental entity by immunity based on the statutory provisions noted above and, further the conduct is a part of an officer's customary and official duties.  Plaintiff has not shown otherwise nor has Plaintiff shown that immunity is not warranted based on any fraudulent, malicious or harmful

-15-

conduct on the part of Defendant Booker.

Additionally, Plaintiff has done nothing more than to merely allege Defendant Booker, Lewis, and Fisher's involvement in the violation of bond charges.  These allegations, however, are insufficient to survive summary judgment.  Plaintiff has not presented the court with any evidence to establish a genuine issue of material fact regarding whether Defendant Booker, Lewis, and/or Fisher were involved in the charges made against Plaintiff for violation of his bond.  As such, the court grants Defendants' motion for summary judgment on Plaintiff's claims associated with violation of bond and third degree assault and battery.

VI.     Qualified Immunity Under § 1983 as to Plaintiff's Business License Claim

Defendants also claim qualified immunity under § 1983 related to Plaintiff's allegation that the Town of Atlantic Beach gave Plaintiff a food and beverage business license which Defendant Booker then suspended.  (ECF No. 36-1 at 26.)  Plaintiff denies Defendants' entitlement to qualified immunity and maintains that he rightfully refused to pay any fees or taxes alleged to be owed on behalf of another entity, which led to the non-renewal of the business license. (ECF No. 47 at 37-38.)

Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, qualified immunity does not protect an official who violates a constitutional or statutory right of a plaintiff that was clearly established at the time of the alleged violation such that an objectively reasonable official in the official's position would have known of the right.  *Id.*  Determining whether an official is entitled to qualified immunity generally requires a two-step inquiry.  *See*

-16-

*generally Pearson v. Callahan*, 555 U.S. 223 (2009).  Courts considering whether to dismiss a complaint based on qualified immunity should consider both "whether the facts that a plaintiff has alleged . . . or shown . . . make out a violation of a constitutional right" and "whether the right at issue was clearly established at the time of defendant's alleged misconduct."  *Id.* at 232 (citations omitted).  The court may "exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand."  *Id.* at 236.

Here, the precise factual basis for Plaintiff's claims as they may relate to the business license claims are simply unclear and the § 1983 claim in this regard is conclusory at best.  Paragraph 17 of Plaintiff's complaint alleges "[in] 2009 the town gave the Plaintiff a business license for Food & Beverage to sell ice cream and beverages around the beach and all streets in the town, and Mr. Booker suspended the license . . . ."  (ECF No. 1, ¶ 17.)  This allegation and Plaintiff's opposition to summary judgment fail to present sufficient evidence to support Plaintiff's claims of a constitutional violation against these Defendants.  Because it is clear that Plaintiff's allegations, taken in the light most favorable to him are without merit, a further qualified immunity determination is unnecessary.  Defendants are entitled summary judgment on Plaintiff's § 1983 claim related to his food and beverage business license claim.  As Defendants have not put forth an alternative basis for summary judgment as to Plaintiff's other federal claims (other than claim preclusion), this court has no basis for granting summary judgment on the remaining federal causes of action.

## CONCLUSION

For the reasons set forth above, the court denies the Motion for Summary Judgment as to any

and all of Plaintiff's federal claims except as to Plaintiff's § 1983 claim related to Plaintiff's food and beverage license.  Summary judgment is granted as to Plaintiff's § 1983 claim related to Plaintiff's food and beverage license.  Summary judgment is granted in favor of Defendants as to Plaintiff's state law claims for false arrest, abuse of process, and malicious prosecution as to all counts with the exception of Plaintiff's claim for malicious prosecution related to his unsightly litter ticket as to Defendant Fisher only.  Summary judgment is denied as to Defendant Fisher only, and only as to Plaintiff's claim for malicious prosecution as to the unsightly litter claim.  All relief requested but not specifically granted is hereby denied.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
November 6, 2013

-18-