IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Darnell Price, ) | Civil Action No.: 4:12-cv-2329-RBH |
|     Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Town of Atlantic Beach; Chief ) | |
| Randy Rizzo; Chief E. Lewis; Lt. ) | |
| Randy Fisher; Manager William ) | |
| Booker, ) | |
|     Defendants. ) | |

### INTRODUCTION

Plaintiff Darnell Price ("Plaintiff"), represented by counsel, brought this civil action against the above captioned Defendants pursuant to 42 U.S.C. § 1983 on August 14, 2012. *See* Compl., ECF No. 1. Service was accepted on behalf of Defendants Town of Atlantic Beach; Councilwoman Charlene Taylor; Councilman Jake Evans; and Councilwoman Josephine Isom[1] on September 20, 2012. *See* Acceptance of Service, ECF No. 10. Defendants Manager William Booker and Chief E. Lewis filed answers on September 25, 2012. *See* ECF Nos. 11–12. Finally, Defendant Lt. Randy Fisher filed an answer on January 16, 2013. *See* ECF No. 32.

As the Court noted in its December 19, 2014 Text Order, however, the docket reflects no activity with regard to Defendant Chief Randy Rizzo ("Defendant Rizzo"). *See* Text Order, ECF No. 91. The Court explained that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure ("FRCP"), service of the summons and complaint must be effected within 120 days after the filing of the complaint. *See* Fed. R. Civ. P. 4(m). If the Plaintiff fails to comply with this time limitation,

---

[1] All of the claims against Defendants Taylor, Evans, and Isom were dismissed via the Court's November 6, 2013 Opinion and Order. *See* Order, ECF No. 63.

the Court may dismiss the action against any unserved defendants after notice to the Plaintiff. *See id.*; Local Rule 4.01 (D.S.C.). The Court provided such notice to Plaintiff in the Text Order, and directed Plaintiff to provide proof of service of Defendant Rizzo within 10 days. *See* ECF No. 91. The Court also reminded Plaintiff that, to avoid dismissal, he must show good cause for failure to timely serve Defendant Rizzo. *See id.*

On December 29, 2014, Plaintiff filed a "status report." *See* ECF No. 93. In the report, Plaintiff indicated that the complaint was initially served on Defendants "as a group at Atlantic Beach Town hall." *See* ECF No. 93. Plaintiff stated, however, that he was "unaware that one had somehow fallen through the cracks." *See id.* Plaintiff attached a Return of Service to the status report which showed that he had just served Defendant Rizzo via process server on December 29, 2014. *See* ECF No. 93-1 at 2.

## DISCUSSION

The Federal Rules of Civil Procedure require that a defendant be served with a summons and a copy of the complaint within 120 days after the complaint is filed. Fed. R. Civ. P. 4(c)(1), (m). A plaintiff may escape dismissal for failure to timely serve process only if he demonstrates "good cause" for the delay. Fed. R. Civ. P. 4(m). To show "good cause," a plaintiff must demonstrate that he made "'reasonable, diligent' efforts to effect service on the defendant." *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D.W.Va.1996). Courts typically find good cause to extend the Rule 4(m) time limit where "'external factors [] stifle a plaintiff's due diligence' in effecting service." *McCollum v. Genco Infrasructure Solutions*, No. 3:10-cv-210, 2010 WL 5100495, *2 (E.D. Va. Dec. 7, 2010) (quoting *T & S Rentals*, 164 F.R.D. at 425). Typically, good cause is found to exist when some outside factor, rather than inadvertence or negligence, prevented

2

service. *Clyburn v. Champagne*, No. 6:10-1925-TMC, 2012 WL 4478971, \*5 (D.S.C. Sept. 28, 2012); *see also* 4B Charles Alan Wright & Alan R. Miller, *Federal Practice and Procedure: Civil* § 1137 (3d ed. 2002) (observing that "good cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server"). "Counsel's negligent failure to perfect service does not support a showing of good cause." *Id.* (citing *McCollum*, 2010 WL 5100495, at \*2).

However, "[e]ven if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service." *See Giacomo–Tano v. Levine*, 199 F.3d 1327, \*1 (4th Cir. 1999) (Table) (citations omitted). If a plaintiff requests an extension of time after the expiration of the 120 day limitation period, he must also show that he "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect is not easily demonstrated." *Martinez v. United States*, 578 Fed. App'x 192, 194 (4th Cir. 2014) (quoting *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996) (internal quotation marks omitted). The Fourth Circuit "ha[s] held that 'a party that fails to act with diligence will be unable to establish that [her] conduct constituted excusable neglect.'" *Id.* (quoting *Robinson v. Wix Filtration Corp.*, LLC, 599 F.3d 403, 413 (4th Cir. 2010)).

Plaintiff has provided no evidence establishing that Defendant Rizzo was served within the original 120 day window after the filing of the complaint. Rather, Plaintiff attached an affidavit of a process server to his status report showing that Defendant Rizzo was served on December 29, 2014. Plaintiff's filing admits that Defendant Rizzo was not served until this date, as Plaintiff notes that service of Defendant Rizzo "fell through the cracks." Service of Defendant Rizzo, therefore, was effected well beyond 120 days after the filing of the complaint. Plaintiff did not request an

extension of time in which to serve Defendant Rizzo. However, even if he had done so, good cause would need to be shown. As the authorities quoted above explain, good cause does not arise from counsel's negligent failure to perfect service. Plaintiff has not provided any evidence to the Court or argued that Plaintiff's failure to effect service in a timely fashion was the conduct of third parties, or that Defendant Rizzo attempted to evade service or engaged in misleading conduct designed to avoid service of process. Instead, the only evidence is that Plaintiff's counsel's own oversight led to the delay in service. Accordingly, the Court finds that good cause has not been shown. Moreover, for the same reasons, the Court finds that Plaintiff has not shown excusable neglect. Therefore, dismissal without prejudice of Defendant Rizzo is appropriate.[2]

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Chief Randy Rizzo is **DISMISSED** *without prejudice* pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

---

[2] An action against a defendant in his official capacity is treated under federal law as an action against the municipality. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. . . . It is not a suit against the official personally, for the real party in interest is the entity."). The Fourth Circuit has upheld dismissal of a claim against a defendant in his official capacity as duplicative where the municipal defendant was also sued. *See Love-Lane v. Martin*, 355 F.3d 766, 763 (4th Cir. 2004) ("The district court correctly held that the § 1983 claim against Martin in his official capacity as Superintendent is essentially a claim against the Board and thus should be dismissed as duplicative."); *see also, e.g.*, *Stogsdill v. Keck*, No. 3:12-cv-0007-JFA, 2014 WL 58225782, at *13 (D.S.C. Nov. 10, 2014) ("The claims against both Keck and SCDHHS are duplicative because any judgment rendered against Keck in his official capacity as director of SCDHHS would be tantamount to a judgment against SCDHHS itself. Therefore . . . the Court dismisses all causes of action against Defendant Keck in his official capacity."). Accordingly, dismissal of Defendant Rizzo in both his individual and official capacity is warranted.

**IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

Florence, South Carolina
January 5, 2015