IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Darnell Price, | ) | Civil Action No.: 4:12-cv-2329-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Town of Atlantic Beach; Chief E. | ) | |
| Lewis; Lt. Randy Fisher; Manager | ) | |
| William Booker, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

Plaintiff Darnell Price ("Plaintiff"), represented by counsel, brought this civil action against the above captioned Defendants[1] on August 14, 2012. *See* Compl., ECF No. 1. Plaintiff asserted claims against the named Defendants for: 1) Violation of First Amendment Free Speech (42 U.S.C. § 1983) for the deprivation of Plaintiff's property, right to speak, and freedom from retaliation for the exercise of his free speech and criticism of the named defendants; 2) Violation of Fourth Amendment Due Process (42 U.S.C. § 1983) for the restriction of Plaintiff's liberty and freedom of movement that occurred when Plaintiff had to appear in court to defend himself on charges of building permit and parking violations; 3) Violation of Fourth Amendment Due Process (42 U.S.C. § 1983) for the restriction of Plaintiff's liberty and freedom of movement that occurred when Plaintiff had to appear in court to defend himself on charges of interfering with a police officer; 4) Violation of Fourth Amendment Due Process (42 U.S.C. § 1983) for the restriction of Plaintiff's liberty and freedom of movement that occurred when Plaintiff had to appear in court to defend

---

[1] Councilwoman Charlene Taylor; Councilman Jake Evans; and Councilwoman Josephine Isom were also named as Defendants but were dismissed as detailed below. Defendant Chief Randy Rizzo was dismissed via court Order dated January 5, 2015. *See* Order, ECF No. 94.

himself on charges of operating without a license; 5) Violation of Fourth Amendment Due Process (42 U.S.C. § 1983) for the restriction of Plaintiff's liberty and freedom of movement that occurred when Plaintiff had to appear in court to defend himself on charges of assault and battery; 6) Violation of Fourth Amendment Due Process (42 U.S.C. § 1983) for the restriction of Plaintiff's liberty and freedom of movement that occurred when Plaintiff had to appear in court to defend himself on charges of violation of bond; 7) Six Counts of Malicious Prosecution because the named defendants caused Plaintiff to be prosecuted for the offenses of building permit violations, parking violations, interfering with a police officer, operating without a license, assault and battery and violation of bond without probable cause; 8) Six Counts of False Arrest because the named defendants deprived Plaintiff of his liberty and freedom of movement, without probable cause or exigent circumstance; 9) Six Counts of Abuse of Process as the named defendants caused process to be issued and pursued against Plaintiff for ulterior purposes and revenge; 10) Conspiracy to commit illegal acts and/or to commit legal acts by illegal means to harm Plaintiff; and 11) Violation of the Right to Travel under the Fifth and Fourteenth Amendments to the United States Constitution in that Plaintiff was deprived of his right to travel and live where he pleased.

On November 6, 2013 U.S. District Judge Mary Lewis entered two separate Orders addressing two previous motions for summary judgment filed by two separate groups of the Defendants. The first Order granted summary judgment in favor of Defendants Councilwoman Charlene Taylor; Councilwoman Josephine Isom; and Councilman Jake Evans on all of Plaintiff's claims asserted against them. *See* Order, ECF No. 63 at 21. The Order also granted summary judgment in favor of the Town of Atlantic Beach ("the Town") as to any claim made against it independently, outside of any potential liability it may have related to the conduct of Defendants

2

Booker, Lewis, and Fisher done within the scope and course of their employment. *See id.* The Court, therefore, granted the Town's motion as to all § 1983 claims. *See id.* at 14, 19. Finally, summary judgment was granted concerning the Town's liability for the actions of its employees with regard to Plaintiff's state law claims for false arrest, abuse of process, and all of the malicious prosecution claims except for one. *See id.* at 21. With regard to that one claim, summary judgment was denied concerning the Town's liability for the actions of its employees with regard to Plaintiff's claim for malicious prosecution related to his unsightly litter ticket and as to Defendant Fisher only. *See id.*

The Court's second November 6, Order denied summary judgment as to each of Plaintiff's claims against Defendants Fisher, Lewis, and Booker, except as explicitly noted in the Order. See ECF No. 64 at 17–18. The first exception was that the Court granted summary judgment in favor of these Defendants as to Plaintiff's § 1983 claim related to Plaintiff's food and beverage license. *See* ECF No. 64 at 18. This Order also granted summary judgment in favor of these Defendants as to each count of Plaintiff's state law claims for false arrest, abuse of process, and malicious prosecution, except for Plaintiff's claim regarding his unsightly litter ticket as to Defendant Fisher only. *See id.*

After reviewing the Plaintiff's claims, Judge Lewis's orders, and the pending motion for summary judgment, ECF No. 67, it appears as though the following federal claims remain only against Defendants Fisher, Booker, and Lewis: 1) Violation of First Amendment Free Speech (42 U.S.C. § 1983) for the deprivation of Plaintiff's property, right to speak, and freedom from retaliation for the exercise of his free speech and criticism of the named defendants; 2) Violation of Fourth Amendment Due Process (42 U.S.C. § 1983) for the restriction of Plaintiff's liberty and

3

freedom of movement that occurred when Plaintiff had to appear in court to defend himself on charges of building permit and parking violations; 3) Violation of Fourth Amendment Due Process (42 U.S.C. § 1983) for the restriction of Plaintiff's liberty and freedom of movement that occurred when Plaintiff had to appear in court to defend himself on charges of interfering with a police officer; 4) Violation of Fourth Amendment Due Process (42 U.S.C. § 1983) for the restriction of Plaintiff's liberty and freedom of movement that occurred when Plaintiff had to appear in court to defend himself on charges of assault and battery; 5) Violation of Fourth Amendment Due Process (42 U.S.C. § 1983) for the restriction of Plaintiff's liberty and freedom of movement that occurred when Plaintiff had to appear in court to defend himself on charges of violation of bond; and 6) Violation of the Right to Travel under the Fifth and Fourteenth Amendments to the United States Constitution in that Plaintiff was deprived of his right to travel and live where he pleased.[2] Moreover, Plaintiff's claim for conspiracy to commit illegal acts and/or to commit legal acts by illegal means to harm Plaintiff remains against Defendants Fisher, Booker, and Lewis, as well as the Town of Atlantic Beach concerning acts within the scope of these Defendants' employment. Finally, Plaintiff's malicious prosecution claim remains only as to Defendant Fisher regarding the unsightly litter ticket, and the Town only concerning whether Defendant Fisher's conduct was in the scope of his employment.

---

[2] The federal claims against these Defendants only persist against them in their individual capacities. An "official capacity" claim against an official is simply "another way of pleading an action against an entity of which the officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citations omitted). Accordingly, "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166 (citations omitted). Here, the Town of Atlantic Beach was named as a Defendant and given an opportunity to respond. Judge Lewis found that the Town was entitled to summary judgment with regard to each of Plaintiff's § 1983 claims, including the "right to travel" claim, which she construed as being brought under § 1983. *See* ECF No. 63 at 12–19.

The matter is now before the Court on Defendants Chief E. Lewis, Lt. Randy Fisher, and William Booker's ("Defendants") motion for summary judgment, which has been fully briefed.[3]

## FACTUAL BACKGROUND

As Judge Lewis explained in her previous Orders:

> The complaint states that "Plaintiff is a black male and an advocate of minorities and equal rights," a "vocal critic of the corruption, dishonesty, and abuse of the government of Atlantic Beach and the Defendants," and the husband of the pastor of the Atlantic Beach CME Church. Plaintiff alleges that the named defendants in this case conspired together in an attempt to prevent Plaintiff and his wife from moving into their home in Atlantic Beach and otherwise violated the law and Plaintiff's rights. Plaintiff further contends that in retaliation for Plaintiff moving into Atlantic Beach "Defendant Mr. Booker . . . had the town Council [pass] an ordinance requiring Town approval before utility services could be provided to a property" which impacted Plaintiff's efforts to repair the property he intended to lease. Plaintiff alleges that various defendants continued to harass him as he began work on the property and that he and the church received numerous tickets and citations in an attempt to prevent him from moving into Atlantic Beach and from working on his wife's church building. Plaintiff alleges that he was also charged in summary court for operating without a business license, assault and battery, and other charges.

ECF No. 63 at 2; ECF No. 64 at 2 (citing Compl., ECF No. 1 at ¶¶ 3, 6, 7, 9).

## STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of proving that summary judgment is

---

[3] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court determined that a hearing was not necessary.

appropriate.  Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991).  The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party.  *Id.*  However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).

In this case, the moving party "bears the initial burden of pointing to the absence of a genuine issue of material fact."  *Temkin v. Frederick Cnty. Comm'rs*, 845 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  If the moving party carries this burden, "the burden then shifts to the non-moving party to come forward with fact sufficient to create a triable issue of fact."  *Id.* at 718–19 (citing *Anderson*, 477 U.S. at 247–48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial."  *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992).  The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment.  *See id.*; *Doyle v. Sentry, Inc.*, 877 F. Supp. 1002, 1005 (E.D. Va. 1995).  Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial.  *See* Fed. R. Civ. P. 56(c), (e); *Baber*, 977 F.2d at 875 (citing *Celotex*, 477 U.S. at 324)).  Moreover, the nonmovant's proof must meet "the substantive

6

evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993); *DeLeon v. St. Joseph Hosp., Inc.*, 871 F.2d 1229, 1223 n.7 (4th Cir. 1989).

## ANALYSIS

## I.    Failure to State a Claim

Defendants first assert that Plaintiff has failed to satisfy Rule 12(b)(6)'s requirements for several of his causes of action.  Because matters outside the pleadings were presented to and not excluded by the court, the motion is treated as a motion for summary judgment.  *See* Fed. R. Civ. P. 12(d).  The Court will analyze each of Defendants' arguments, and Plaintiff's response, in turn.

In stating a proper claim against a defendant in his or her individual capacity under § 1983, the Court notes that a plaintiff must affirmatively show that the defendant "had personal knowledge and involvement in the alleged deprivation" of plaintiff's constitutional rights.  *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Moreover, a claim based upon the doctrine of *respondeat superior* does not give rise to a § 1983 claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–94 (1978).  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

### 1.   Violation of First Amendment Free Speech (42 U.S.C. § 1983)

Defendants first argue that Plaintiff has failed to state a proper claim for violation of his First Amendment freedom of speech. Defendants note that Plaintiff has only made general assertions that fail to establish any connection between the actions of Defendants and any violation

Plaintiff's free speech.  See ECF No. 67-1 at 6–7.  Defendants also argue that Plaintiff has failed to specify what speech he alleges caused Defendants to retaliate.  *See id.* at 7.

In the Complaint, Plaintiff generally alleges that Defendants caused "deprivation of the Plaintiff's property and right to speak" in retaliation "for the exercise of his free speech and criticism of Defendants' lies, corruption, and tyranny."  *See* Compl., ECF No. 1 at 8.  In his response to Defendants' motion, Plaintiff further asserted that "Defendants' actions were intended to chill the Plaintiff's exercise of his right to criticize the government and Defendants injured and damaged the Plaintiff for doing so."  *See* ECF No. 77 at 16.  Plaintiff argues that "[t]here does not have to be a showing that he was actually coerced into not saying something."  *See id.*  Finally, he argues that Defendants' actions "would not have occurred, but for Plaintiff's criticism."  *Id.*  Accordingly, the gist of Plaintiff's allegations appears to be that the alleged pattern of harassment by the Defendants would not have occurred but for Plaintiff's criticism of the Defendants.  *See* Pl. Dep., ECF No. 67-2 at 140:11–23, 210:22–211:15.

To prevail on a claim for First Amendment retaliation under § 1983, Plaintiff must establish that: (1) his speech was protected; (2) Defendants' alleged retaliatory action adversely affected his constitutionally protected speech; and (3) a causal connection exists between his speech and Defendants' retaliatory action.  *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685–86 (4th Cir. 2000).  As the Fourth Circuit has noted, causation may be inferred from the facts at the motion to dismiss stage.  *See Tobey v. Jones*, 706 F.3d 379, 390 (4th Cir. 2013).  However, for summary judgment purposes "[t]he causation requirement is rigorous; it is not enough that the protected expression played a role or was a motivating factor in the retaliation."  *Id.* (quoting *Huang v. Bd. of Governors of the Univ. of N.C.*, 902 F.2d 1134, 1140 (4th Cir. 1990)).  Rather, Plaintiff must show

that "'but for' the protected speech, the alleged retaliatory conduct would not have occurred." *Ruttenberg v. Jones*, 283 Fed. App'x 121, 131 (4th Cir. 2008).

The Court agrees with the Defendants that Plaintiff has not detailed any protected speech that caused Defendants to retaliate, aside from a generalized assertion that he criticized Defendants and received citations. Nevertheless, the Court believes that Plaintiff has set forth sufficient facts to state a cause of action for First Amendment retaliation. Plaintiff has alleged that he spoke out against the town, that he was harassed in retaliation, and that this retaliation constituted an attempt to "stop [him]" and "put pressure" on him. *See* ECF No. 67-2 at 211. Accordingly, Plaintiff has sufficiently stated a First Amendment retaliation claim. However, the Court finds that Plaintiff has failed to establish a genuine issue of fact on this claim, particularly on the causation element. Plaintiff has provided no evidence explaining the alleged protected speech aside from this generalized assertion of "criticism." Moreover, he has not provided any evidence tying Defendants' actions to his speech, other than his own speculation that the alleged harassment was because he spoke out. There is also no indication of what specific speech acts were being retaliated against. This is insufficient to show that "but for" the speech, Defendants would not have engaged in the purported harassment. Plaintiff has not met the rigorous causation requirement necessary to avoid summary judgment. Therefore, Defendants are entitled to summary judgment on this claim.

### 2. Violation of Fourth Amendment Due Process (42 U.S.C. § 1983)

#### a. Building Permit/Operating without a License[4]

Defendants first assert that they believe this is the same claim as Plaintiff's due process claim concerning the ticket he received for operating without a business license, which was dismissed in Judge Lewis's prior order. *See* ECF No. 64. Next, Defendants note that in his deposition, Plaintiff admitted that Defendants Lewis and Fisher were not involved with the issuance of the ticket for repairing the home without a business license. *See* Pl. Dep., ECF No. 67-2 at 20:12–17. Moreover, Plaintiff's only allegation against Defendant Booker was that he held a Planning Commissioner's meeting to have the building condemned. *See id.* Judge Lewis already ordered that this claim against Defendant Booker failed on many fronts in the malicious prosecution context. *See* ECF No. 64 at 13.

In his response to Defendants' motion, Plaintiff fails to detail any involvement of Defendants in Plaintiff's receipt of building permit violations. Plaintiff's only argument is that Defendant William Booker's involvement was indeed "holding a planning commissioners meeting to have the building condemned." *See* ECF No. 77 at 16. Plaintiff argues that this means he was "involved in this prosecution and was directing it." *See id.* Plaintiff, however, admits that Defendant Booker "did not actually condemn or hold the appeal for the 413 30th Avenue property," but rather "sought to have the property condemned by his minions." *See id.* at 17. Plaintiff argues that Defendants was "acting without probable cause at all times when he held the Planning Commission meeting knowing it was unwarranted." *See id.*

---

[4] To this extent this claim restates Plaintiff's claim regarding his food and beverage license, the Court notes that Judge Lewis already granted summary judgment in Defendants' favor on this claim. *See* ECF No. 64 at 16–17.

10

Plaintiff, therefore, merely rehashed the arguments already ruled upon by Judge Lewis in her previous order, essentially reasserting the same allegations that constituted the malicious prosecution claim against Defendant Booker.  *See* ECF No. 64 at 13.  As Judge Lewis explained, Plaintiff has not provided any allegations that any of the Defendants were involved in the issuance of the actual ticket Plaintiff received for operating without a business license/building permit.  Moreover, as Defendants correctly explained, to state a proper Fourth Amendment claim, Plaintiff must show that Defendants arrested him or instructed the other officers to arrest him without probable cause.  *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002).  Plaintiff has simply failed to meet this standard here, and thus dismissal of this claim is warranted as to all Defendants.

### b.  Parking Violations

Defendants also assert that Plaintiff has failed to state a valid Fourth Amendment claim with regard to the parking violations because he has not shown that he was ever detained by any of the Defendants.  *See* ECF No. 67-1 at 8.  In response, Plaintiff acknowledged that he never received any fines for parking his vehicles illegally, but rather only warnings.  *See* ECF No. 77 at 17–18.  Moreover, he admits that all tickets were given by either Chief Rizzo or an Officer L. Jackson.  *See id.* at 17.  Plaintiff makes a generalized assertion, however, that these tickets were "part of Defendants' conspiracy and endeavor to harass and coerce Plaintiff and his wife to leave town."  *See id.* at 18.

The Court agrees with Defendants that Plaintiff has failed to set forth a proper Fourth Amendment claim with regard to these parking violations.  First, he admits that Defendants Fisher, Lewis, and Booker had no involvement with the tickets.  Furthermore, he notes that they were only

11

warnings rather than arrests or citations. Therefore, the Court finds that dismissal of this claim is also warranted.

### c.  Interfering with Police Officer

Defendants also argue that Plaintiff has failed to state a claim against Defendant Booker with regard to this Fourth Amendment claim, as he has alleged no personal involvement by Defendant Booker. *See* ECF No. 67-1 at 9. In response to this argument, Plaintiff details the incident that led to this charge and cited Defendants Lewis and Fisher's involvement. *See* ECF No. 77 at 18–19. Plaintiff, however, makes no mention of Defendant Booker's involvement. This is in line with the allegations contained in the Complaint, where Plaintiff did not make any specific allegations of Defendant Booker's involvement in this incident. *See generally* ECF No. 1. In his deposition, Plaintiff did assert that Defendant Booker drove by the church and called to police to report Plaintiff's presence in a condemned building. *See* Pl. Dep. at 66:25–67:7. Plaintiff does not argue, however, that Defendant Booker ordered the officers to arrest him or was involved in the arrest itself though. This is in line with Defendant Lewis's incident report concerning this arrest, which noted that he was contacted by Defendant Booker. *See* ECF No. 67-5 at 1. Defendant Booker told him that people were inside Plaintiff's condemned church building and requested that he "look into it." *See* ECF No. 67-5 at 1. Plaintiff does not detail any further involvement by Defendant Booker, and the incident report confirms that Defendant Booker did not direct him to arrest Plaintiff. Accordingly, the Court finds that this claim should be dismissed as to Defendant Booker, and the Court will further address this claim as to Defendants Fisher and Lewis below.

### d. Assault and Battery, Third

Next, Defendants argue that Plaintiff has not alleged how Defendants Booker or Fisher were involved in his arrest for assault and battery. *See* ECF No. 67-1 at 9. Moreover, with regard to Defendant Lewis, they argue the only allegation is that he signed an affidavit for an arrest warrant attesting to the events that occurred. *See id.*

Plaintiff responded, asserting that Defendants arrested him at church for verbal assault on tainted hearsay. *See* ECF No. 77 at 20. Plaintiff argues that he engaged in no physical conduct and Defendants knew he had no present ability to injure the party he allegedly threatened. *See id.* at 21.

The Court agrees with Defendants that Plaintiff has failed to state a claim with regard to Defendants Booker and Fisher in connection with this incident. However, Plaintiff has properly stated a claim against Defendant Lewis regarding his warrant affidavit. Therefore, this claim is only dismissed as to Defendants Booker and Fisher on the basis of failure to state a claim. The Court will further address this claim as to Defendant Lewis below.

### e. Violation of Bond

Defendants also assert that Plaintiff has failed to allege any involvement of Defendants as to his arrest for violation of bond. *See* ECF No. 67 at 10. In response, Plaintiff merely argues that "Defendants Lewis, Fisher, and Booker were the movants behind these events as Manager, Chief, and Lieutenant for the town." *See* ECF No. 77 at 22. Plaintiff, however, has provided no evidence or testimony tying these Defendants in any way to this arrest. Accordingly, dismissal of this claim is warranted as to all Defendants.

### 3.  Conspiracy (§ 1985)

Defendant then contends that, to the extent Plaintiff's conspiracy claim is based on 42 U.S.C. § 1985(3), he has failed to state a claim.  *See* ECF No. 67-1 at 10.  Judge Lewis construed the conspiracy claim as being brought against defendants pursuant to this statute in her previous Order.  In his response to Defendants' motion, however, Plaintiff states that the conspiracy claim is for "state law conspiracy."  *See* ECF No. 77 at 11.  Accordingly, Plaintiff appears to agree that he has not stated a federal claim for conspiracy under § 1985.  In any event, Defendants argue that Plaintiff has not shown any racial or otherwise class based, discriminatory animus, a prerequisite for a conspiracy claim under § 1985.  *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).  Plaintiff did not address this argument in his response.  Accordingly, the Court finds that to the extent conspiracy claim is based on § 1985, Plaintiff has failed to state a claim.

### 4.  Violation of Right to Travel

Defendants next argue that Plaintiff has failed to state a claim for violation of his right to travel.  *See* ECF No. 67-1 at 11–12.  In her prior Order, Judge Lewis found that this claim also appeared to be brought pursuant to § 1983.  *See* ECF No. 63 at 17.  Defendants argue that Plaintiff has failed to detail how they were involved in the incidents giving rise to this claim.  *See* ECF No. 67-1 at 11–12.  Plaintiff does not address this argument in his response brief, and does not mention the right to travel claim aside from noting that it was alleged in the complaint.  Accordingly, the Court also agrees with Defendant that dismissal of this claim is warranted as to all Defendants.

## II.    Qualified Immunity

In light of Judge Lewis's previous Orders and this Court's findings above in this Order, only a few causes of action remain for this Court to address below. The Court will address Plaintiff's remaining federal claims first, which are as follows: (1) Plaintiff's § 1983 due process claim related his arrest for interfering with a police officer as to Defendants Fisher and Lewis and (2) Plaintiff's § 1983 due process claim concerning the assault and battery charge as to Defendant Lewis. The applicable Defendants assert that they are entitled to qualified immunity from liability for these § 1983 claims.

### 1.    Relevant Law

The Court must examine two prongs to determine whether qualified immunity is appropriate. The Court must decide: (1) whether Plaintiff has alleged facts sufficient to make out a violation of a constitutional right and (2) whether the right was "clearly established" at the time of Defendant's alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 232 (2001). The Court can address these requirements in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). "A constitutional right is 'clearly established' when 'its contours [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). Where discovery has been conducted, the Court's inquiry is to assess "the sufficiency of the plaintiff's evidence to support the allegations of his complaint, including his description of their conduct." *Cloaninger ex rel. Estate of Cloaninger v. McDevitt*, 555 F.3d 324, 336 (4th Cir. 2009).

It is clearly established that "[t]he Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is

unreasonable." *Miller v. Prince George's Cnty.*, 475 F.3d 621, 627 (4th Cir. 2007). Thus, where Plaintiff alleges that he was improperly arrested the question of qualified immunity turns on whether "it would have been clear to a reasonable officer in his position that he or she lacked probable cause to arrest" him for the offense. *Rogers v. Stem*, __ Fed. App'x __, 2014 WL 5753656, at *6 (4th Cir. 2014). "[P]robable cause has been shown 'when the facts and circumstances within an officer's knowledge—or of which he possesses reasonably trustworthy information—are sufficient in themselves to convince a person of reasonable caution that an offense has been or is being committed.'" *McAfee v. Boczar*, 738 F.3d 81, 87 (4th Cir. 2013) (quoting *Wadkins v. Arnold*, 214 F.3d 535, 539 (4th Cir. 2000)).

With regard to a warrant affidavit, Plaintiff must show that a Defendant "deliberately or with a reckless disregard for the truth made material false statements in his affidavit, or omitted from the affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." *Miller v. Prince George's County Md.*, 475 F.3d 621, 627 (4th Cir. 2007) (internal quotations and citations omitted). "'Reckless disregard' can be established by evidence that an officer acted 'with a high degree of awareness of [a statement's] probable falsity,' that is, 'when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported.'" *Id.* (quoting *Wilson v. Russo*, 212 F.3d 781, 788 (3d Cir. 2000)). Concerning omissions, reckless disregard "can be established by evidence that a police officer 'failed to inform the judicial officer of facts [he] knew would negate probable cause.'" *Id.* (quoting *Beauchamp v. City of Noblesville, Inc.*, 320 F.3d 733, 743 (7th Cir. 2003)).

16

"It is well-established that a false or misleading statement in a warrant affidavit does not constitute a Fourth Amendment violation unless the statement is 'necessary to the finding of probable cause.'" *Wilkes v. Young*, 28 F.3d 1362, 1365 (4th Cir. 1994) (quoting *Franks v. Delaware*, 438 U.S. 154, 156 (1978)). "Moreover, in order to violate the Constitution, the false statements or omissions must be 'material,' that is, 'necessary to the [neutral and disinterested magistrate's] finding of probable cause.'" *Miller*, 475 F.3d at 628 (quoting *Franks*, 438 U.S. at 155-56). To determine a statement's materiality, this court must "excise the offending inaccuracies and insert the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause." *Wilson*, 212 F.3d at 789.

### 2. Interference With a Police Officer Ticket

This claim only remains against Defendants Fisher and Lewis. These Defendants assert that they are entitled to qualified immunity because they had a good faith reason to believe the law was being violated and arrest Plaintiff for interfering with a police officer.

Plaintiff was arrested for interfering with a police officer on July 28, 2010 in violation of S.C. Code Ann. § 61-2-240. *See* Uniform Traffic Ticket, ECF No. 67-6 at 2. This Code section provides that "[i]nterference by any person with, obstruction or resistance of, or abusive language to any officer or person in the discharge of his duties under this title or the use of abusive language by the officer or person to another person is a misdemeanor." § 61-2-240. Defendants assert that Plaintiff's church building was condemned and a notice was placed on the door on July 28, 2010. *See* ECF No. 67-1 at 15. Later, Defendants Lewis and Fisher knocked on the door and informed Plaintiff that the church was condemned. *See id.* at 15–16. They asked him to leave three times,

but he refused. *See id.* Accordingly, he was arrested and given a ticket for interfering with a police officer. *See id.* at 16.

In his response brief, Plaintiff asserts that Defendant Fisher put a notice of condemnation on the church. *See* ECF No. 77 at 7. Defendant Fisher then came to the church door while a service was ongoing and knocked. *See id.* Plaintiff asserts that he came to the door and Defendant Fisher asked to speak to him outside, but Plaintiff reentered the church. *See id.* Plaintiff alleges that Defendant Fisher then forcefully entered the church, halted the ongoing service, and told everyone they had to leave or else they would be arrested. *See id.* Plaintiff asserts that Chief Lewis then arrived and handcuffed him and charged him with interfering with a police officer. *See id.* Plaintiff contends that this matter was heard in Court and he was found not guilty. *See id.* Plaintiff argues that he rightfully refused to leave the building—which he claims was improperly condemned—and that Defendants had no probable cause to arrest him based solely on his refusal to leave the church while a service was in process. *See id.* at 19.

Plaintiff's own memorandum, therefore, acknowledged that he refused to leave the church building after being asked to leave by Defendant Fisher. This is in line with his deposition testimony, where he acknowledged that he refused to leave the church after being informed by Defendant Fisher that it had been condemned. *See* ECF No. 67-2 at 69:8–71:10. He noted that Defendant Fisher asked him two or three times to leave the building, but he told him "[n]o we're not going to leave." *See id.* Defendant Fisher left and then came back thirty minutes later with Defendant Lewis. *See id.* They entered the church, and Plaintiff alleges that they handcuffed him as he was walking out. *See id.* A statement of a third party, Lisa Fuqua ("Fuqua"), also corroborates these events. *See* Voluntary Statement of Lisa Fuqua, ECF No. 67-4. Fuqua stated

18

that she lived across the street from the Plaintiff's church, and confirmed that Defendant Fisher talked to a person—who appeared to be Plaintiff— while he was inside the building, and that Defendant Lewis later showed up. *See id.* at 2. Ultimately, Plaintiff was arrested and led out of the church. *See id.* She stated that the officers did their job "in a respectful manner," and were "very professional." *See id.* at 4–5. Finally, Defendant Lewis's incident report also confirms that Plaintiff was only arrested after he was informed that the building was condemned, and refused to leave after being asked several times Defendant Lewis. *See* Incident Report, ECF No. 67-5.

Based on the totality of this evidence, the Court finds that there was probable cause to arrest Plaintiff for interfering with a police officer and thus Defendants Fisher and Lewis are entitled to qualified immunity. It is undisputed that Plaintiff interfered with/resisted Defendant Lewis's order to leave the condemned premises. This federal § 1983 claim is dismissed as to Defendants Fisher and Lewis.

### 3. Assault and Battery

Defendant Lewis also argues that he is entitled to qualified immunity with regard to the assault and battery charge. *See* ECF No. 67-1 at 17–18. Defendant Lewis witnessed the purported assault, and notes that his only involvement with the arrest was signing an affidavit attesting to what he saw. *See* Warrant and Affidavit, ECF No. 67-7 at 1. Defendant argues that he had a good faith reason to sign the affidavit, stating that there was probable cause to believe that Plaintiff committed third degree assault and battery because he witnessed the event personally. *See* ECF No. 67-1 at 17. Defendants cite to the video evidence provided to the Court in support of their argument.[5]

---

[5] Defendant did not give the video evidence a specific exhibit number, but provided a copy via DVD to the Court. Plaintiff also cites to the video in his memorandum, indicating that he has seen this exhibit.

In his memorandum in opposition to Defendants' motion, Plaintiff confirmed that he was filmed verbally threatening an individual named Paul Curry in front of Defendant Lewis.  *See* ECF No. 77 at 20.  He argues, however, that he was "a long distance from Curry."  *Id.*  He states that, as a consequence, Defendant Lewis had no good faith reason to believe the Plaintiff had committed third degree assault and battery because he engaged in no threatening conduct and had no present ability to injure Curry.  *See id.* at 20–21.  Plaintiff's counsel asserts that the video evidence provided by Defendants was "edited and spliced," and thus he disputes the statements in the affidavit.[6]  *See id.* at 22.

The South Carolina Code states that "[a] person commits the offense of assault and battery in the third degree if the person unlawfully injures another person, or offers or attempts to injure another person with the present ability to do so."  S.C. Code Ann. § 16-3-600.  In support of their argument that Defendant Lewis was justified in preparing the affidavit, Defendants attached a copy of the affidavit to their motion.  In the affidavit, Defendant Lewis noted that he approached Plaintiff after responding to a report of someone operating golf carts on 30th avenue without a state golf cart permit.  *See* ECF No. 67-7.  He gave Plaintiff a copy of the state golf cart regulations.  *See id.*  Plaintiff then walked away and over to Paul Curry, who was on the sidewalk, and said "I'M GOING TO KNOCK YOU OUT."  *See id.* (emphasis in original).  Defendant Lewis then walked between them and separated them.  *See id.*

Plaintiff asserts that this did not constitute the offense because he was "a long distance" from Curry," and assault and battery in the third degree requires that one injure or offer or attempt to injure another person with the "present ability to do so."  Because Defendant Lewis's

_____

[6] Plaintiff's counsel claims that the video is edited or spliced is unsupported by any credible evidence or testimony, expert or otherwise, and is speculative at best.

20

involvement was only in preparing the affidavit and not the arrest, the remaining question for the Court is whether Defendant Lewis "deliberately or with a reckless disregard for the truth made material false statements in his affidavit, or omitted from the affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." *Miller* v. 475 F.3d at 627. Here, the Court cannot say that Defendant Lewis acted "deliberately or with a reckless disregard for the truth." Plaintiff does not dispute that he threatened Paul Curry, but rather asserts that he was far enough away that he did not have the present ability to injure him. Accordingly, Plaintiff's argument appears to be that Defendant Lewis should have indicated the distance between the parties in his affidavit.

The video evidence[7] was in line with Defendant Lewis's version of events as set forth in the affidavit. The video shows that Plaintiff approached Curry, and as he got right up to Curry, a police officer, presumably Defendant Lewis, stepped between them. The officer pointed back towards the church and directed Plaintiff to go back there. Right as he turned to walk away, Plaintiff stated "I'm gonna knock you out." Plaintiff was within a few feet of Curry when he made this statement. Accordingly, the Court cannot say that Defendant Lewis acted deliberately or with reckless

---

[7] In reviewing the matter, the Court received a courtesy copy of Defendants' motion and memorandum, along with two DVDs containing identical copies of the same video evidence and an unrelated newspaper article, from the previously assigned Judge, who the undersigned assumes requested the courtesy copy. A review of the docket on ECF does not indicate that the DVDs, which are identified and which the undersigned has viewed, were included as attachments to Defendants' motion for summary judgment, and they appear to have been mistakenly sent to the previously assigned Judge for filing. Clearly, Plaintiff received this evidence, as it is referred to in his response to Defendants' motion.

The Clerk is instructed to file the DVDs in the usual manner on behalf of Defendants. As to the newspaper article, while it was also attached it is unclear what, if any, relevance it has and whether the Defendants intended for it to be filed. Accordingly, the Clerk should contact Defendants' counsel with regard to it, as it is unclear if it was provided to Plaintiff's counsel or if it even needed to be filed.

21

disregard for the truth in an attempt to make the affidavit misleading.  Accordingly, Defendant Lewis is entitled to qualified immunity.

## III.    Supplemental Jurisdiction

Defendants also moved for summary judgment on Plaintiff's remaining state law claims. The Court has discretion concerning whether to retain supplemental jurisdiction over state law claims after dismissal of the federal claims.  *See* 28 U.S.C. § 1367(c)(3).  As the Fourth Circuit has explained, "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished."  *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).  Having dismissed each of Plaintiff's federal claims, the Court finds that declining to exercise supplemental jurisdiction over the remaining state law claims is the best course of action.

### CONCLUSION

**IT IS THEREFORE ORDERED** Defendants' motion for summary judgment is **GRANTED IN PART**.  Defendant's motion is **GRANTED** as to Plaintiff's federal law claims, but the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  Accordingly, Plaintiff's federal law claims are **DISMISSED** *with prejudice* and his state law claims are **DISMISSED** *without prejudice*.

**IT IS SO ORDERED.**

      s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
January 22, 2015

22